·eminent domain cannot be exercised to take land for them; .and not in any respect under the jurisdiction of the local authorities, nor to be opened or kept in repair by the public.

The commissioners' record need not contain the evidence by which it was proved that the proper notice had been .given of the intention to present the petition for the highway; it is enough that it should appear by the record that the fact was proved, and it need not be shown how it was proved.

Whether the decree of injunction was erroneous is not a question in the record, not having been saved by an objection and exception below. *Stretch* v. *Schenck*, 23 Ind. 77.

Affirmed, with costs.

*C. Denby, D. B. Kumler,* and *J. G. Jones,* for appellant.
*A. Iglehart* and *R. A. Hill,* for appellee.

———o———

ACHEY *v.* THE STATE, on the Relation of BARNES.

ᴵSUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not interfere, ·upon the weight of the evidence, with a finding, unless it is clearly against the evidence, and can be considered only as the result of passion, prejudice, or a palpable misapprehension of the facts.

APPEAL from the Marion Common Pleas.

GREGORY, C. J.—The appellant and her sureties (who ·were not, however, served with process) were sued on a 'bond executed by them, conditioned for the faithful performance of her duties as executrix of the estate of Henry Achey, deceased. The breaches alleged are, a failure to inventory the property of the decedent and make return thereof according to law, and the conversion of certain specified assets which came to her hands to be adminstered. The relator had obtained his judgment against the estate.

The case is here on the evidence. We have examined the testimony, and from that examination we are satisfied that the court below was justified in coming to the conclusion arrived at.

There were quite a number of items about which there was a controversy, and the case turned upon the weight to be given to the circumstances in proof. In such a case it is not our province to interfere with the finding, unless it is clearly against the evidence, and can be considered only as the result of passion, prejudice, or a palpable misapprehension of the facts.

There is rather an interesting question argued by counsel as to the ownership of the proceeds of a boarding house, kept by the wife of the decedent in the lifetime of the latter. But in our view of the case, this question is of no importance, as a solution of it favorable to the appellant would not affect the finding of the court below.

Judgment affirmed, with costs

*J. S. Harvey* and *J. Van Horn*, for appellant.

*S. E. Perkins, L. Jordan,* and *S. E. Perkins, Jr.,* for appellee.

---

## CRANE *v.* WAGGONER and Wife.

EXEMPTION.— *Wife.*—Where husband and wife are living together, and the property of the husband is not of the value of three hundred dollars, and the wife is the owner of property levied upon under an execution, and is the real debtor in the judgment and execution, she may claim exemption under the statute, 2, G & H. 367, of her said property to the extent necessary to make with her husband's property the amount of three hundred dollars protected by the statute.

APPEAL from the Bartholomew Circuit Court.

RAY, J—The appellees brought suit for partition in the