*T. B. Adams, F. Berry, J. R. Troxell,* and *W. R. Manlove,* for appellant.

---

## BLACKWELL *v.* ACTON.

REPLEVIN.—*Damages.*—In a suit in replevin, the plaintiff cannot recover for his time spent in commencing the action.

SAME.—Where the property has been delivered to the plaintiff under a writ in replevin, it is error to render judgment for the value of the property.

PRACTICE.—*Affidavit.*—*Bill of Exceptions.*—An affidavit of matters occurring on the trial, as a ground for a new trial, must be made part of the record by bill of exceptions.

APPEAL from the Monroe Common Pleas.

DOWNEY, J.—This was an action of replevin for three "spotted hogs," instituted by the appellee against the appellant, before a justice of the peace. On the trial in the common pleas, on appeal from the judgment of the justice of the peace, the plaintiff offered to show, in proving his damages, how much time he had spent in endeavoring to get possession of the hogs, after he heard that the defendant had them, including the day on which he went to the justice of the peace to take out the writ in this case. The defendant objected to this evidence, on the ground that the plaintiff was only entitled to recover, if anything, for the time necessarily spent by him in going to and returning from the defendant's to demand possession of the hogs. The court overruled the objection, and the plaintiff gave evidence that he had spent eight days in getting his hogs, after he heard defendant had them, including a day spent in going to the justice to get out a writ for the hogs. To this ruling of the court the defendant excepted. It was made a ground for a new trial, and is urged here as an error. Was the ruling correct? We think it was not. It has not been held in any case that we have found, that a party suing can recover in the action for his time in commencing it. Whether the defendant was liable for the time spent by the plaintiff in getting his hogs, would depend upon the circumstances which did or did not render it necessary for him to thus spend his time. See *Davis* v. *Crow*, 7 Blackf. 129.

· In the argument of the case, counsel for the plaintiff stated to the jury the amount of the recovery before the justice of the peace, and informed them that if their verdict were less than that amount by five dollars or more, the plaintiff would have to pay the costs. The defendant made

this a ground of his motion for a new trial, and an affidavit in proof of the fact that such statements were made to the jury is copied into the record; but it is not made part of the record by bill of exceptions, and we cannot, therefore, notice it; nor can we consider the question.

The jury found the value of the property to be twelve dollars, and the damages to be five dollars and fifty cents. The hogs had been delivered to the plaintiff by virtue of the writ of replevin. The court rendered a judgment for seventeen dollars and fifty cents. This was wrong. As the plaintiff had the property by virtue of the writ, it was wrong to give him judgment for its value too.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court to grant a new trial.

BUSKIRK, J., having been of counsel, was absent.

*S. H. Buskirk* and *J. S. Hester*, for appellant.