WRAY, ADM'R, v. TINDALL.

BILL OF EXCEPTIONS.—*Motion for New Trial.*—*Affidavit.*—Affidavits filed in support of a motion for a new trial do not become a part of the record unless made so by a bill of exceptions.

WITNESSES.—*Preponderance of Evidence.*—Though more witnesses testify on one side than on the other, this does not make weight or preponderance of evidence.

SUPREME COURT.—*Evidence.*—The Supreme Court will not reverse a judgment on the weight of evidence, where the evidence is conflicting.

From the Shelby Common Pleas.

*C. Wright, S. Major,* and *A. Major,* for appellant.

PETTIT, J.—This suit was brought by the appellee, George W. Tindall, against Thomas Wray, who died after judgment, and his administrator, Isam Wray, brings the case here. The suit was to recover for wheat sold and delivered, and the real controversy was as to whether the wheat was sold to Wray or was delivered to him by Tindall to be sold on commission. There was a trial by jury, and verdict for the plaintiff for three hundred and twenty dollars, the value of the wheat. Motion for a new trial overruled, and judgment on the verdict. The only assignment of error is the overruling of the motion for a new trial. On the return of the verdict, a motion for a new trial was made for these causes:

" 1. For the reason that the verdict is contrary to law. 2. The verdict of the jury is contrary to the evidence in the cause. 3. The verdict is not sustained by evidence."

No action was taken on this motion at that term of the court. At the next term, the defendant filed the following causes for a new trial:

" 1. The verdict of the jury is not sustained by sufficient evidence. 2. The verdict is contrary to law. 3. That since the last term of the court and said trial, this defendant has discovered new and material evidence for this defendant, on the trial of said cause, and which he could not with reasonable diligence have discovered and produced at the trial, as shown by affidavits herewith filed." There is no brief for

the appellee, and we do not pass upon the point as to whether the additional causes for a new trial were filed in time. The affidavits said to be filed with these latter causes for a new trial, showing newly-discovered evidence, are not in the record in a bill of exceptions, and we cannot, therefore, notice them, as they form no part of the record without being in a bill of exceptions. The only remaining question, therefore, is, does the evidence sustain the verdict? It is clearly contradictory. Some of the evidence is clear and positive that the wheat was sold, and other evidence is equally clear and positive that it was not sold, but only delivered to be sold on commission, and each side or view has corroborating circumstances. In such a case, this court cannot reverse on the evidence. This rule has often been stated and need not be repeated. Though more in number swear on one side than on the other, this does not make weight or preponderance of evidence. One witness may outweigh and overcome a dozen against him. The action, appearance, manner, and circumstances that attach to and surround a witness often determine, and properly, with a jury, what weight ought to be given to his testimony.

The judgment is affirmed, at the costs of the appellant.