Martin *v.* Harrison *et al.*

———o———

## MARTIN *v.* HARRISON ET AL.

RECORD.—*Motion for New Trial.*—A motion for a new trial becomes a part of the record without a bill of exceptions, and by an exception to the ruling thereon the question as to the correctness of such ruling is reserved.

SAME.—*Affidavit in Support of Motion for New Trial.*—An affidavit filed in support of a motion for a new trial, although referred to in the motion, is not a part of the record, unless made so by a bill of exceptions.

From the Hendricks Circuit Court.

*J. A. Holman*, for appellant.

*N. B. Taylor*, *F. Rand*, and *E. Taylor*, for appellees.

Martin *v.* Harrison *et al.*

DOWNEY, J.—Action by the appellees against the appellant, on a promissory note, commenced in the superior court of Marion county. After the issues were formed, there was a change of venue to Hendricks county.

The defendant failed to appear at the trial, and there was a trial of the issues by the court, without a jury, and finding and judgment for the plaintiffs, on the eighth day of the May term of the court, in the year 1874. On the eighteenth day of the same term of the court, the defendant moved the court for a new trial for the following, among other causes:

" 4. Because of the misconduct of the plaintiffs and the surprise of the defendant, all of which is particularly set out in the affidavit of John A. Holman, hereto attached, and on which this specification of his said motion is based, and to which defendant refers in support thereof."

The affidavit is copied into the transcript immediately following the motion, but is not made part of the record by a bill of exceptions.

The overruling of the motion for a new trial is the error alleged and relied upon for a reversal.

The fourth ground of the motion, which is set out by us above, is the only ground relied upon.

Counsel for appellees insist that, as the affidavit is not made part of the record by bill of exceptions, it cannot be treated by us as in the record for any purpose.

Counsel for appellant urges that not only the written motion, but also the affidavit in support of it and the decision thereon, become part of the record without a bill of exceptions. Counsel for appellant refers to *Matlock* v. *Todd*, 19 Ind. 130, and *Kirby* v. *Cannon*, 9 Ind. 371, in support of his position. We think these cases do show that the motion for a new trial becomes a part of the record without a bill of exceptions, and that the question is reserved by an exception to the ruling of the court thereon. But we do not think they sustain the position that affidavits in support of the motion, although referred to in the motion, become part of the record. On the contrary, in the first cited case, the court say:

"A motion was made for a new trial. It was asked on two grounds, viz.: That the verdict was not sustained by the evidence, and that the jury misbehaved themselves in their retirement. The affidavits showing the misconduct of the jury were not natural, necessary parts of the record of the cause, and were not made a part of the record by bill of exceptions; and we cannot, therefore, notice that ground for a new trial."

The following other cases are upon the same subject, and we think require us to hold that the affidavit is not properly a part of the record: *Whaley* v. *Gleason,* 40 Ind. 405; *Blackwell* v. *Acton,* 38 Ind. 425; *Blizzard* v. *Phebus,* 35 Ind. 284; *Bell* v. *Rinker,* 29 Ind. 267; *Whiteside* v. *Adams,* 26 Ind. 250; *Horton* v. *Williams,* 25 Ind. 316; *Cochran* v. *Dodd,* 16 Ind. 476; *Taylor* v. *Fletcher,* 15 Ind. 80; *Round* v. *The State,* 14 Ind. 493: *Hopkins* v. *The Greensburg, etc., Co.,* 46 Ind. 187.

In the last named case, it was said: "The motion for a new trial is properly part of the record, but its statements cannot supply the facts which should appear in the bill of exceptions. Its statements cannot be taken as true, like those of the bill of exceptions. The motion is the language of counsel, while the bill of exceptions is the language of the court. The bill of exceptions imports the truth, while the statements in the motion must be shown to be true by some appropriate evidence."

Counsel for appellant claims that the affidavit was copied at length, with the motion for a new trial, on the order book, and as it appears that the record of the action of the court was read and signed the next morning, that, therefore, the affidavit is properly in the record. One answer to this is, that the transcript before us does not show that the affidavit was copied on the order book. If it did, still we should doubt the correctness of the position.

The judgment is affirmed, with costs.