Simpson *et al. v.* Payne, Assignee.

---

### SIMPSON ET AL. *v.* PAYNE, ASSIGNEE.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court, on appeal, will not disturb a finding on the mere weight of evidence, if there be evidence tending to support it.

From the Orange Circuit Court.

*A. J. Simpson,* for appellants.

*T. L. Collins* and *A. B. Collins,* for appellee.

NIBLACK, J.—John W. Payne, the appellee, as assignee of Luke B. Cogswell, sued Arthur J. Simpson and John R. Simpson, the appellants, on a promissory note, in the court below.

The appellants answered, that one Luke B. Cogswell,

finding himself in failing circumstances, conveyed to the appellee several tracts of land, together with certain personal property, to be sold and disposed of for the payment of his, said Cogswell's, debts, thereby constituting the appellee an assignee for the settlement of the estate of the said Cogswell; that, although the said Cogswell was, at the time, a married man, his wife did not join in the conveyance; that afterward the appellee, being about to proceed to sell the several tracts of land, so conveyed to him, at public auction, caused it to be publicly announced, in the hearing of the appellants and all others present, that the purchasers of any portion of said real estate should, in addition to a deed from the appellee, as such assignee, also receive a quitclaim deed from the said Cogswell and his wife; that this announcement was made for the purpose of causing said real estate to sell for a higher and better price than it otherwise would have done; that thereupon the appellee proceeded to sell said real estate, when the said Arthur J. Simpson bid off, and became the purchaser of, a portion thereof, giving a particular description of the portion so bid off and purchased by the said Arthur J. Simpson; that the note sued on was executed by the appellants for the purchase-money of the real estate so purchased by the said Arthur J. Simpson, the said John R. Simpson being only surety on said note; that the said Arthur J. Simpson was immediately put in possession of the real estate purchased by him, with the agreement that he should receive deeds for the same on payment of said note; that the said Arthur J. Simpson remained in possession of the last named portion of said real estate until about the time of the maturity of said note, when he notified the appellee, and the said Cogswell, that he was ready to pay said notes and receive his deeds according to the terms of his contract; that the said Cogswell and his wife failed and refused to make him a deed, as it was agreed they should do; whereupon the said Arthur J. Simpson abandoned

the possession of the lands so purchased by him, and notified the appellee of his determination to rescind his said contract for the purchase thereof, and of his readiness to pay for the use and occupation of said lands, but that the appellee refused to rescind said contract, or to procure a deed to be made by the said Cogswell and wife to the said Arthur J. Simpson, in accordance with the terms of said contract; wherefore the appellants prayed, that said contract should be rescinded and the note sued on cancelled.

The appellee replied by a general denial. The cause was tried by the court, without a jury, followed by a finding in favor of the appellee, for the amount of the note with interest and attorney's fees, as provided in the note, and, over a motion for a new trial, a judgment was rendered on the finding.

The only question presented to us here is made upon the sufficiency of the evidence to sustain the finding of the court.

But one matter seemed to be seriously in dispute between the parties on the trial, and that was, as to whether the said Arthur J. Simpson had received a deed from Cogswell and wife, as he, the said Simpson, claimed he was entitled to receive under his contract of purchase. On that subject, the testimony was somewhat conflicting, and apparently not conclusive either way, but on the issue thus raised, there was evidence tending directly to support the finding, and the rule is well settled, that, in such a case, we can not disturb the finding. In that respect, the finding of a court stands on the same footing as the verdict of a jury. *Wray* v. *Tindall*, 45 Ind. 517; *Ball* v. *Kronkwright*, 45 Ind 148; *French* v. *Trippet*, 44 Ind. Ind. 599; *The Indianapolis, etc., R. R. Co.* v. *Trisler*, 30 Ind. 243; *Achey* v *The State, ex rel., etc.*, 33 Ind. 82.

We are unable to see any error in the record.

The judgment is affirmed, at the costs of the appellants.