Williams v. Potter.

No. 7325.

WILLIAMS v. POTTER.

PROMISSORY NOTE.—*Endorsement.*—An endorsement on a promissory note, "Payable to J. H. for me," is insufficient to transfer the title to such note.

NEW TRIAL.—*Affidavits.*—*Record.*—*Bill of Exceptions.*—*Supreme Court.*— Where affidavits in support of a motion for a new trial are not made a part of the record, either by a bill of exceptions or by an order of the court, they can not be considered by the Supreme Court.

SAME.—*Evidence.*—*Practice.*—Where the evidence is not in the record, no question is presented to the Supreme Court on the overruling of a motion for a new trial.

SAME.—*Newly - Discovered   Evidence.* — *Cumulative.* —Newly-discovered evidence, which is merely cumulative, is not sufficient cause for a new trial.

BRIEF.—*Waiver.*—*Supreme Court.*—Questions not discussed by counsel are regarded as waived in the Supreme Court.

From the Delaware Circuit Court.

O. J. Lotz and C. W. Kilgore, for appellant.

G. H. Koons, for appellee.

HOWK, J.—This was a suit by the appellee, as plaintiff, upon a promissory note, of which the following is a copy:

"$425.00.          MUNCIE, IND., May 1st, 1876.

"Three months after date I promise to pay to the order of G. W. Potter four hundred and twenty-five dollars, payable after maturity in gold coin of the United States, value

received, without any relief from valuation or appraisement laws ; the drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note, negotiable and payable at the Muncie National Bank, Indiana, with ten per cent. interest after maturity, until paid.                    (Signed,)   DANIEL SHAW."

Endorsed :   ''John Shaw, John Williams.''

The complaint of the appellee, who was the payee of the note in suit, contained two paragraphs.   In the first paragraph, the appellant, John Williams, was sued as an endorser, before maturity and before delivery, of the note to the appellee ; and, in the second paragraph, the appellant was sued as a joint and several maker of the note, with Daniel Shaw and John Shaw, before the delivery thereof to the appellee.

The appellant's demurrers, for the want of sufficient facts, were severally overruled as to each of said paragraphs of complaint, and his exceptions were duly saved to these decisions.   The case was put at issue and tried by a jury, and a verdict was returned for the appellee for the balance claimed to be due on the note ; and, over the appellant's motion for a new trial and an exception saved, judgment was rendered accordingly.

A number of supposed errors have been assigned by the appellant, in this court ; but the only questions discussed by his counsel, in their brief of this cause, are such as arise under the alleged errors of the circuit court, in overruling his demurrers to the separate paragraphs of the complaint, and in overruling his motion for a new trial.   Under the settled practice of this court, all the other supposed errors must be regarded as waived.

The point is made by the appellant's counsel, as we understand their argument, that the first paragraph of the complaint was fatally defective because of a certain endorsement on the note, set out in said paragraph and signed by the appellee, to the effect that, on October 20th, 1876, the amount

then due on the note was "payable to Bro. Jacob Heath for me," the appellee.    Counsel say that the words of this endorsement on the note "show conclusively that Heath was the owner thereof, by said endorsement." We hardly think that the words used in this endorsement were sufficient to transfer to Heath the title to the note, or to the money due thereon, but they seem to us rather to have been a mere memorandum, endorsed on the note by the payee thereof, to authorize the parties owing the money to pay the same to Heath, not for Heath, but "for me," the appellee.

Appellant's counsel further say: "We think the second paragraph is fatally defective in that it alleges that John Shaw is a defendant." If it were true that the second paragraph of the complaint contained the allegation "that John Shaw is a defendant," we are utterly unable to perceive, and counsel have failed to show us, why or wherefore that allegation would render the said second paragraph "fatally defective" as to the appellant, on his demurrer thereto for the want of sufficient facts.    But, as we read the second paragraph of complaint, counsel are mistaken in thinking or saying that it was "fatally defective" in that it alleged that John Shaw was a defendant.    In the title of the cause in the complaint, the appellant, John Williams, was the sole defendant named, and the second paragraph commenced as follows:    "Plaintiff further complains of defendant and says, that heretofore, to wit, on the 1st day of May, 1876, the defendant, Daniel Shaw and John Shaw, executed their joint and several promissory note to plaintiff," etc.    It seems to us that no one can read the language quoted, in connection with its context, and with a proper regard for punctuation marks, and fairly conclude therefrom "that John Shaw is a defendant" in this action.

We have now considered all the objections urged by the appellant's counsel, in argument, to the sufficiency of either paragraph of appellee's complaint, and we are of the opinion

Williams v. Potter.

that the objections are not well taken, and that the court committed no error in overruling the demurrers to said paragraphs of complaint.

In discussing the alleged error of the court, in overruling the motion for a new trial, the appellant's counsel say: "There are several specifications, but the tenth is the only one we will consider." In conformity with the practice of this court, in such cases, we regard this statement of counsel as equivalent to an express waiver of all the causes, except the tenth cause, for a new trial in this action, assigned by the appellant in his motion therefor.

The tenth cause for a new trial was, in substance, "newly-discovered evidence." This is the seventh statutory cause for a new trial, and section 355 of the code requires that it must be sustained by affidavit showing its truth. 2 R. S. 1876, p. 183. Several written statements, purporting to be affidavits, have been copied by the clerk as parts of the transcript; but they were not made a part of the record of this cause, either by a bill of exceptions or by an order of the court, and, therefore, they can not be considered by this court. *Wray* v. *Tindall*, 45 Ind. 517; *Hopkins* v. *The Greensburg, etc., Co.*, 46 Ind. 187; *Martin* v. *Harrison*, 50 Ind. 270.

The evidence on the trial of the cause is not in the record; and, in the absence of the evidence, if the affidavits in regard to the newly-discovered evidence were properly in the record, we could not know therefrom that a new trial ought to have been granted. For we could not possibly know, without an examination of the evidence on which the cause had been tried and determined, what bearing, if any, the newly-discovered evidence might or ought to have, if a new trial were granted. *Fryberger* v. *Perkins*, 66 Ind. 19. Besides, it may be regarded as settled law in this State, that newly-discovered evidence, which is merely cumulative, will not constitute a good cause for a new trial. *Zouker* v. *Wiest*,

42 Ind. 169; *Shigley* v. *Snyder*, 45 Ind. 543; *Winsett* v. *The State*, 57 Ind. 26. Where the evidence given on the original trial is not in the record, we can not say that the trial court has erred in overruling a motion for a new trial for newly-discovered evidence, because such evidence may have been merely cumulative, and for that reason the motion for a new trial may have been properly overruled. In such a case, we can not say from the record that the court has erred, and, therefore, we are bound to say that it has not erred, in overruling the motion for a new trial. *Myers* v. *Murphy*, 60 Ind. 282.

The judgment is affirmed, at the appellant's costs.