### JOHN WILLIAMS v. GEORGE W. POTTER.

1. *Indorsement of Promissory Note.*—An indorsement on a promissory note "pay A. B. for me" is not to be construed as transferring the title, but merely as a memorandum to authorize the party named to receive the money for the payee.

2. *Affidavits must be Preserved by Bill of Exceptions or by Order of Court.*—Affidavits filed on a motion for a new trial is not a part of the record on appeal by being

copied by the clerk into the transcript, but must be brought into the record by a bill of exceptions or by an order of court.

3. *Newly Discovered Evidence.* The evidence relied on must be set forth in the affidavits thus brought into the records so that the supreme court may be able to judge of its sufficiency as a ground for a new trial. And it must not be merely cumulative.

Appeal from Delaware Circuit Court.

Opinion of the court by Mr. Justice Howk.

This was a suit by the appellee, as plaintiff, upon a promissory note, of which the following is a copy:

"$425.                              MUNCIE, IND., May 1, 1876.

"Three months after date, I promise to pay to the order of G. W. Potter four hundred and twenty-five dollars, payable after maturity in the gold coin of the United States, value received, without any relief from valuation or appraisement laws; the drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note, negotiable and payable at the Muncie National Bank, Indiana, with ten per cent. interest after maturity, until paid."

[Signed.]          "DANIEL SHAW."

Indorsed; "John Shaw," "John Williams."

The complaint of the appellee, who was the payee of the note in suit, contained two paragraphs. In the first paragraph, the appellant, John Williams, was sued as an indorser before maturity and before delivery of the note to appellee; and in the second paragraph, the appellant was sued as a joint and several maker of the note, with Daniel Shaw and Jonh Shaw, before the delivery thereof to the appellee.

The appellant's demurrers, for the want of sufficient facts, were severally overruled as to each of said paragraphs of complaint, and his exceptions were duly saved to these decisions. The case was put at issue and tried by a jury, and a verdict was returned for the appellee for the balance claimed to be due on the note; and over the appellant's motion for a new trial and an exception saved, judgment was rendered accordingly.

A number of supposed errors have been assigned by the appellant, in this court; but the only questions discussed by his counsel, in their brief of this cause, are such as arise under the alleged errors of the circuit court, in overruling his demurrers

to the separate paragraphs of the complaint, and in overruling his motion for a new trial; under the settled practice of this court, all the other supposed errors must be regarded as waived.

The point is made by the appellant's counsel, as we understand their argument, that the first paragraph of the complaint was fatally defective because of a certain indorsement on the note, set out in said paragraph and signed by the appellee, to the effect that, on October 20, 1876, the amount then due on the note was payable to " Bro. Jacob Heath for me;" the appellee. Counsel say, that the words of this indorsement on the note, "show conclusively that Heath was the owner thereof, by said indorsement." We hardly think that the words used in this indorsement, were sufficient to transfer to Heath the title to the note, or to the money due thereon; but they seem to us rather to have been a mere memorandum, indorsed on the note by the payee thereof, to authorize the parties owing the money to pay the same to Heath, not for Heath but " for me," the appellee.

Appellant's counsel further say: "We think the second paragraph is fatally defective, in that it alleges that John Shaw is defendant." If it were true that the second paragraph of the complaint contained the allegation, " that John Shaw is a defendant," we are utterly unable to perceive, and counsel have failed to show us why or wherefore that allegation would render the said second paragraph " fatally defective " as to the appellant, on his demurrer thereto for sufficient facts. But, as we read the second paragraph of the complaint, counsel are mistaken in thinking or saying, that it was " fatally defective," or that it alleged that John Shaw was a defendant. In the title of the cause in the complaint, the appellant, John Williams, was the sole defendant named, and the second paragraph commenced as follows: " Plaintiff further complains of defendant and says that heretofore, to-wit, on the 1st day of May, 1876, the defendants, Daniel Shaw and John Shaw, executed their joint and several promissory note to plaintiff," etc. It seems to us that no one can read the language quoted in connection with its context and with proper regard for punctuation marks, and fairly conclude therefrom " that John Shaw is a defendant " in this action.

We have now considered all the objections urged by the ap-

pellant's counsel, in argument, to the sufficiency of either paragraph of appellee's complaint; and we are of the opinion that the objections are not well taken, and that the court committed no error in overruling the demurrers to said paragraph of complaint.

In discussing the alleged error of the court, in overruling the motion for a new trial, the appellant's counsel say: " There are several objections, but the tenth one is the only one we will consider." In conformity with the practice of this court, in such cases, we regard this statement of counsel as equivalent to an express waiver of all the causes, except the tenth cause, for a new trial in this action, assigned by the appellant in his motion therefor.

The tenth cause for a new trial was in substance " newly discovered evidence." This is the seventh statutory cause for a new trial, and section 355 of the code requires that it must be sustained by affidavit showing its truth. 2 R. S. 1876, p. 183. Several written statements, purporting to be affidavits, have been copied by the clerk as part of the transcript, but they were not a part of the record of this cause, either by a bill of exceptions or by an order of the court, and, therefore, they can not be considered by this court. *Wray* v. *Tindall*, 45 Ind., 517; *Hopkins* v. *The Greensburg, etc., Co.*, 46 Ind., 187; *Martin* v. *Harrison*, 50 Ind., 270.

The evidence on the trial of the cause is not in the record, and in the absence of the evidence, if the affidavits in regard to the newly discovered evidence were properly in the record, we could not know therefrom that a new trial ought to have been granted. For, we could not possibly know, without an examination of the evidence on which the cause had been tried and determined, what bearing, if any, the newly discovered evidence might or ought to have, if a new trial were granted. *Fryberger* v. *Perkins*, 60 Ind., 19. Besides, it may be regarded as settled law in this State, that newly discovered evidence, which is merely cumulative, will not constitute a good cause for a new trial. *Zonker* v. *Wiest*, 42 Ind., 169; *Shigley* v. *Snyder*, 45 Ind., 593; *Winsett* v. *The State*, 57 Ind., 26. Where the evidence, given on the original trial, is not in the record, we can not say that the

trial court has erred in overruling a motion for a new trial for newly discovered evidence; because such evidence may have been merely cumulative, and for that reason a motion for a new trial may have been properly overruled. In such a case, we can not say from the record, that the court has erred, and therefore we are bound to say that it has not erred in overruling the motion for a new trial. *Myers* v. *Murphy*, 60 Ind., 282.

The judgment is affirmed, at the appellant's costs.