No. 8075.

### TILFORD ET AL. *v.* MILLER ET AL.

PROMISSORY NOTE.—*Endorser and Endorsee.—Payment.—Evidence.—Burden of Proof.*—In an action by the endorsee of a note against the makers and the endorser, the latter answered that, after the endorsement, one of the makers transferred to the plaintiffs two other notes and made to them two other notes payable at a future time, and secured all of them by mortgage, in payment of the note in suit, which answer was denied.

*Held,* that the burden of the issue was upon the defendant, and, as there was some evidence tending to show that such notes and mortgage were not accepted by the plaintiffs in payment of the note in suit, the Supreme Court can not disturb the finding of the trial court upon such question of fact.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb the judgment upon the weight of the evidence if it legally tends to support the finding, especially when the finding is against the party upon whom the burden of the issue rests.

From the Superior Court of Marion County.

*D. M. Bradbury,* for appellants.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellees.

BEST, C.—Samuel Miller and several other persons, doing business under the firm name of " The Indiana Banking Com-

pany," brought this action against Joseph M. Tilford and William Thrasher, the makers of a note of $3,331.37, dated May 1st, 1875, due six months after date, and against John C. Smith, who endorsed the note to the plaintiffs.

Thrasher pleaded his discharge in bankruptcy, and Tilford filed an answer of payment. No question arises as to either maker, and their pleadings will not be more particularly noticed. John C. Smith filed an answer of two paragraphs. The first averred substantially that he was only the surety of the makers of the note, and that, after its maturity, the plaintiffs agreed with the maker Tilford to extend the time of payment of the note sued upon, in the following manner: That Tilford should endorse and deliver to the plaintiffs two promissory notes executed by Theodore C. Jennings to said Tilford, dated November 15th, 1875, due in six months and one year from their dates respectively, each calling for $500, with interest at ten per cent. from their date, payable at the office of The Indiana Banking Company, and, to cover the difference between the amount of said two $500 notes and the amount of the note sued upon, said Tilford should execute to the said plaintiffs his two promissory notes, dated December 4th, 1875, due in two and three years from their dates respectively, each for $1,262.50, with interest at ten per cent. per annum from their date, payable at the office of the said " Indiana Banking Company," and that the said Tilford and his wife should execute to the plaintiffs a mortgage on lot number forty-one (41), and the north half of lot number fifty (50), in Irvington, Marion county, Indiana, to secure the payment of all of said notes ; that, in consideration of the endorsement and execution of said notes and mortgage, the plaintiffs agreed to extend the time of payment of the several portions of the debt represented and covered by each of said notes to the periods at which said notes matured ; that, in compliance with said agreement, said Tilford did endorse and execute to plaintiffs said notes, and he and his wife executed said mortgage to plaintiffs ; that said

agreement of extension was made without the knowledge or consent of this defendant. Wherefore, etc.

The second paragraph alleged the endorsement of the two $500 notes, and the execution of the other notes and mortgage by Tilford, as averred in the first paragraph, in payment of the note in suit.

These several answers were denied. The issues thus formed were submitted to the court, and a finding made for Thrasher and against Tilford and Smith, in the sum of $4,420.54. A motion for a new trial by Smith was overruled and final judgment was rendered upon the finding.

From this judgment Smith appealed to the general term, where he assigned as error the order of the court in overruling his motion for a new trial. The judgment was affirmed at the general term, and he appeals from such judgment of affirmance to this court.

The error assigned calls in question the ruling of the court upon the motion for a new trial. This motion embraced various reasons, none of which are discussed except that the decision is contrary to the law. The burthen of the issue, it will be observed, was upon the appellant, and he assumes that the material averments of his answer were proved, and insists that upon the facts proved the decision was not in accordance with the law. He insists that the only question of fact is, whether the notes mentioned in the answer were accepted by the appellees in payment, or as collateral security for the payment of the note in suit. This fact, it is insisted, is immaterial, as the acceptance of the notes and mortgage either as payment or as collateral security discharged the appellant from liability upon the note. If as payment, their acceptance extinguished the note in suit, and if as collateral security, such arrangement operated as an extension, and thus exonerated him from liability. These positions are based upon the assumption that the appellees accepted this paper for one or the other of these purposes. If not accepted, of course, no such thing exists. This was a controverted fact. The burthen was

upon the appellant. The finding was against him, and if there
was any evidence to sustain the finding it can not be disturbed
by this court upon such question of fact. We have examined
the evidence carefully, and think the paper was neither given
nor accepted as collateral security for the payment of the note
in suit. Nothing was said by any of the parties about col-
lateral security, and the purpose of Tilford in making the
paper was to settle and adjust the amount due upon the note
in suit. This was done, or nothing was done, and hence the en-
quiry is, whether there was any evidence to sustain the find-
ing upon this question of fact. Before the attempted adjust-
ment the two notes of $500 each were in the hands of the
appellees for collection, and at the time Tilford, who was in
failing circumstances, was anxious to adjust his debts with his
creditors, and for this purpose a statement showing his assets
and liabilities was prepared and submitted to the president of
the bank; that afterwards the notes and mortgage were pre-
pared by Tilford and were left with or delivered to the presi-
dent of the bank, and have remained in the custody of the
bank since. The notes embraced in the mortgage amount to
precisely the sum due upon the note in suit at the time the
mortgage was made; the mortgage was recorded by some one
connected with the bank, and the person who handed the
mortgage to the president of the bank testified that it was
delivered in payment of the note in suit. This is the case of
the appellant as we get it from the record. On the other hand,
the note in suit was not surrendered, and the officers of the
bank denied that any surrender had ever been claimed. The
president of the bank, to whom the notes were handed, denied
that the notes and mortgage were accepted in payment of the
note in suit, but said that they were left with him for exam-
ination, and had always remained in the package in which
they came. It was also shown that Tilford afterwards com-
menced a suit in his own name upon the two $500 notes against
Jennings, and that the officers of the bank had been making
enquiries of Tilford for the appellant, who was a non-resident

of the State, for about one year after the note in suit matured, with a view of enforcing their claim against him. Under these circumstances, we can not disturb the finding of the court upon this question of fact, especially as the burthen of the issue was upon the appellant. Concede the fact to be as the court found it, and the decision was in accordance with the law. It is well settled that the finding of the court upon a question of fact can not be disturbed if there was any evidence to support it, where the burthen is upon the party in whose favor the finding is made. *Simpson* v. *Payne*, 58 Ind. 431. There is a stronger reason for the rule when the burthen is on the other party.

For these reasons we are of opinion that there is no error in the record, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.