Applegate *v.* Baxley *et al.*

Filed Jan. 24, 1884.

---

No. 10,931.

APPLEGATE *v.* BAXLEY ET AL.

| 93 | 147 |
| 143 | 2 |

NEW TRIAL.—*Bill of Exceptions.*—*Record.*—Affidavits supporting a motion for a new trial, which are in the motion, but not in a bill of exceptions, are not in the record.

EVIDENCE. — *Payment.*—*Admissions.*—Statements of the plaintiff, offered in evidence by the defendant to prove payment, that the plaintiff's claim was "settled," are properly admitted.

From the Harrison Circuit Court.

*M. W. Funk* and *W. D. Mauck,* for appellant.

*W. N. Tracewell* and *R. J. Tracewell,* for appellees.

BICKNELL, C. C.—This was a suit by the appellant against the appellees to foreclose a mortgage made by William H. Applegate, their ancestor.

The defendants pleaded the general denial and payment by their ancestor, and they filed a cross complaint alleging such payment, and praying that the mortgage be declared satisfied and their title to the land quieted.

The plaintiff replied denying the payment, and answered the cross complaint by a denial.

The jury found for the defendants upon the complaint and upon the cross complaint. A motion by the plaintiff for a new trial was overruled, judgment was rendered for the defendants and the plaintiff appealed. She assigns as error the overruling of the motion for a new trial.

There are six reasons for a new trial; the fifth is for newly discovered evidence, and the sixth is for surprise at the testimony of three of the defendants' witnesses. Both of these reasons are supported by affidavits, which are set forth in the motion for a new trial, but are not shown by a bill of exceptions. These reasons, therefore, can not be considered. *Fryberger* v. *Perkins*, 66 Ind. 19; *Marks* v. *Jacobs*, 76 Ind. 216; *City of Washington* v. *Small*, 86 Ind. 462; *Powers* v. *State*, 87 Ind. 144.

The first and second reasons for a new trial are that the verdict is not sustained by the evidence and is contrary to law. One of the witnesses testified that the plaintiff had admitted that the mortgage had been settled and paid by the mortgagor before he died. There was, therefore, evidence tending to support the verdict, and in such a case the verdict can not be set aside.

The third and fourth reasons for a new trial are that the court, over the objection of the defendant, improperly permitted several witnesses to testify to conversations of the plaintiff, in which she stated that she and Will (the mortgagor) had settled the note and mortgage before he died.

The testimony urged as incompetent is as follows:

Jesse Watson, the executor of the mortgagor, testified "that soon after he took out letters of administration he went to the house of the plaintiff for the purpose of getting a machine, that while there he asked the plaintiff what Will Applegate owed her; she answered, $20 on a machine, and that was all the estate owed her; I then asked her concerning the note and mortgage, and she said that Will and she had settled that the day before he died, and she had promised to give it to his wife."

Alice Watson testified: "I was at the house of Miranda (Rachel M. Baxley) a short time after the death of Will Applegate. Mrs. Applegate was present, Mrs. Baxley said she did not know how she would get along, as she owed mother (the plaintiff) $500; plaintiff said, Miranda need not give herself any trouble, as she and Will had settled that the day before he died."

The appellant's counsel say in their brief, that "in order to save time and space, they will discuss the first four reasons for a new trial together," and all they say thereupon is that "proof that a note has been settled does not prove nor tend to prove payment, and that if the evidence in question tended to prove anything, it would be accord and satisfaction, but there was no plea of accord and satisfaction; therefore, evidence that the note had been settled was improperly admitted, and hence the verdict was not sustained by sufficient evidence and was contrary to law."

But we think an unqualified admission that a money demand has been "settled" is evidence tending to show payment, and that there was, therefore, no error in admitting the aforesaid testimony.

Webster gives the following definitions: Settle, in law, to adjust; to liquidate; to balance, as an account; to pay, as a debt. Settlement, an adjustment of accounts or claims, liquidation, payment. To the same effect are the definitions in Bouvier's Law Dictionary.

There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing, opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 26, 1884.