No. 10,079.

## HODGSON v. THE BOARD OF COMMISSIONERS OF MARION COUNTY.

From the Superior Court of Marion County.

*C. P. Jacobs, J. W. Nichol* and *R. Hill,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.

COLERICK, C.—This action was brought by the appellant to recover a balance alleged to be due to him for services rendered by him as the architect of the Marion county court house and superintendent of its construction, under a contract with the appellee. The complaint consisted of two paragraphs. A demurrer was sustained to the first paragraph, and issues were formed on the second which were tried by the court, resulting, over a motion for a new trial, in the rendition of a judgment in favor of the appellee. The errors assigned are the rulings of the court below upon the demurrer to the first paragraph of the complaint, and upon the motion for a new trial. It is unnecessary to consider or determine the question presented by the appellant, as to the sufficiency of the first paragraph of the complaint, because, if any error was committed in sustaining the demurrer thereto, it was harmless, as all the material facts therein averred were alleged in, and could have been proven under, the second paragraph of the complaint.

It is well settled by the decisions of this court that the sustaining of a demurrer to a good paragraph of a pleading is a harmless error, if under another paragraph of the pleading the same matters are admissible in evidence. See Buskirk Prac. 284, and the cases there cited; also, *Epperson* v. *Hostetter,* 95 Ind. 583; *Fleetwood* v. *Dorsey Machine Co.,* 95 Ind. 491; *Lynn* v. *Crim,* 96 Ind. 89. And it is equally well settled that a judgment will not be reversed by this court for a harmless error committed in the court below. Buskirk Prac. 284; *Maxwell* v. *Brooks,* 54 Ind. 98; *Burroughs* v. *Wilson,* 59 Ind. 536; *Traylor* v. *Dykins,* 91 Ind. 229.

The only reasons assigned for a new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law and newly discovered evidence. The newly discovered evidence referred to in the motion for a new trial, was recited in certain affidavits which were presented in support of the motion, but these affidavits are not properly in the record, as they were not made a part thereof by bill of exceptions, or order of court, as required by the practice of this court, and, therefore, can not be considered by us. *Matlock* v. *Todd,* 19 Ind. 130; *Martin* v. *Harrison,* 50 Ind. 270; *Fryberger* v. *Perkins,* 66 Ind. 19; *Williams* v. *Potter,* 72 Ind. 354; *Iles* v. *Watson,* 76 Ind. 359; *Applegate* v. *Baxley,* 93 Ind. 147.

The finding of the court below was in harmony with and fully sustained by the evidence, which we have carefully examined, and was not contrary to law. The motion for a new trial was properly overruled. As there is no error in the record the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

ELLIOTT C. J., did not participate in the consideration or determination of this appeal.

Filed Sept. 18, 1884.