# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1891, IN THE SEVENTY-FIFTH
YEAR OF THE STATE.

---

No. 172.

### JERAULD v. WATKINS.

NEW TRIAL.—*Affidavits.—Record.—Bill of Exceptions.*—Affidavits in support of a motion for a new trial on account of newly discovered evidence can become a part of the record only by a special order of the court or by a bill of exceptions.

APPELLATE COURT.—*New Trial.— Weight of Evidence.*—The Appellate Court will not award a new trial upon the mere weight or preponderance of the evidence.

From the Gibson Circuit Court.

*J. H. Miller*, for appellant.

*C. A. Buskirk* and *J. W. Brady*, for appellee.

NEW, C. J.—This action was brought by the appellant against the appellee, before a justice of the peace, upon an account for merchandise. The appellee answered by set-off, asking judgment for the difference that might be found in his favor. To this the appellant replied by a general denial and plea of payment. The cause was tried by the justice,

(466)

who gave judgment for the appellee in the sum of $116.35, and costs.

Upon appeal to the circuit court by the appellant, the cause was tried upon the same issues by a jury, and verdict returned in favor of the appellee for $116.36.

A motion for a new trial by the appellant was overruled, and judgment rendered for the appellee for the sum named in the verdict.

The question presented by the appellant's assignment of error arises on the ruling of the court denying to him a new trial.

The grounds of the motion were that the verdict of the jury was not sustained by sufficient evidence, was contrary to law, and because of newly discovered evidence.

Accompanying the motion for a new trial is the affidavit of the appellant as to newly discovered evidence, and the affidavits of certain witnesses stating what facts said witnesses would testify to.

The affidavits of these witnesses are found in the transcript as made out by the clerk, but there is nothing to show that they were made part of the record by order of the court, nor are they set out or in any way referred to in the bill of exceptions.

The affidavits required by the code in support of motions for a new trial on account of newly discovered evidence can not be incorporated into the record by making them a part of the motion, nor by the clerk simply copying them into the transcript.

It is well settled by a long and unbroken line of decisions in this State, that such affidavits can only become a part of the record by a special order of the court or by a bill of exceptions. *Kesler* v. *Myers*, 41 Ind. 543 ; *City of Washington* v. *Small*, 86 Ind. 462 ; *City of Lafayette* v. *Weaver*, 92 Ind. 477 ; *Applegate* v. *Baxley*, 93 Ind. 147 ; *McConnell* v. *Huntington*, 108 Ind. 405.

It follows from these authorities that the affidavits accom-

panying the motion for a new trial do not constitute a part of the record. We can not, therefore, say that the trial court ought to have granted the appellant a new trial on account of newly discovered evidence.

Nor can we disturb the verdict of the jury on the ground of the sufficiency of the evidence. The evidence, although conflicting, tends to support the verdict.

This court will not, upon the mere weight or preponderance of evidence, award a new trial. *Allyn* v. *Allyn*, 108 Ind. 327; *Flowers* v. *McCann, ante,* p. 359.

We find no available error in the record.

The judgment is affirmed, with costs.

Filed May 26, 1891.