Filed April 13, 1893.

———◆———

No. 668.

## Rees v. Blackwell.

Assignment of Errors.—*Sufficiency of Assignment.*—*Certainty Required.*—*Vagueness.*—Where one of the assignments of error was as follows: "There are other manifest and manifold errors in the record and proceedings in said cause, for all of which, and on account of which, the appellant prays that the judgment, record, and proceedings in said cause be in all things reversed," such assignment presents no question on appeal, being too vague and indefinite. The rulings of the trial court relied upon as error must be designated with reasonable certainty.

Same.—*Joint Assignment.*—*Failure to Discuss Part of Assignment.*— *Waiver.*— Where an assignment of error questions the correctness of several instructions given, and appellant, in his brief, fails to insist on the incorrectness of certain of said instructions, the whole assignment must fail, for a failure to discuss an assignment amounts to a waiver of objection thereto, which is followed by a presumption of correctness; and, where the assignment is a joint one, under such circumstances it must fail under the rule that a joint assignment of error must be good as a whole or fail entirely.

New Trial.—*Reason for.*—*Sufficiency.*—*Party Adversely Affected Sick on Witness Stand, and Consequent Inability to Fully State Evidence.*—Where a reason for a new trial was that the party adversely affected by the judgment was sick while on the witness stand testifying in his own behalf, and was not able, by reason thereof, to remember certain material and important

evidence, which is supported by affidavits which are not a part of the record, not having been made so by bill of exceptions or by order of court, this court can not say that the trial court erred in refusing a new trial on this ground.

Appeal from the Marion Circuit Court.

*G. W. Spahr*, for appellant.

*O. B. Jameson*, for appellee.

Ross, J.—The appellee brought this action against the appellant upon an account for goods sold and delivered. The appellant filed an answer in two paragraphs. The first being a general denial, and the second a special answer setting up that a part of the goods sold were not such as he contracted for; that they were not delivered at the time agreed upon, by reason of which he could not sell them, and that for these reasons he refused to accept them. There was a trial by jury, which returned a general verdict in favor of the appellee, and also answers to interrogatories submitted at the request of the appellant. Judgment was rendered on the verdict; a motion for a new trial made and overruled, and exception saved. No question is presented as to the sufficiency of the complaint.

The appellant assigns, in this court, the following errors:

"*First.* The Marion Circuit Court erred in overruling the appellant's motion for a new trial.

"*Second.* There are other manifest and manifold errors in the record and proceedings in said cause, for all of which, and on account of which, the appellant prays that the judgment, record, and proceedings in said cause be in all things reversed."

The first question discussed by appellant's counsel, and which he has presented very forcibly, relates to the ruling of the court in refusing to permit appellant to make proof of notice given to one Crossland, whom he insists was the agent of the appellee in making the sale of the fifty boxes of lemons, for the value of which this suit was brought.

Without inquiring into the correctness of the ruling of the court, we are compelled to hold against the appellant, for the reason that the question is not saved so as to be presented on this appeal. Where a party complains of the ruling of the trial court, either in the admission or exclusion of evidence offered, he must assign such ruling as a cause for a new trial, designating, with reasonable certainty, the evidence offered, which was admitted or excluded, as the case may be. *Cheek* v. *State*, 37 Ind. 533; *Wright* v. *Potter*, 38 Ind. 61; *Watt, Guar.*, v. *De Haven*, 55 Ind. 128; *Evans* v. *State*, 67 Ind. 68; *Bayless* v. *Glenn*, 72 Ind. 5. There is no reason assigned in the motion for a new trial calling in question any ruling of the court in excluding any evidence offered by appellant. Without such a reason assigned in the motion for a new trial, no question on such ruling is presented to this court for review.

It is, also, insisted that the court erred in giving certain instructions. The reason assigned in the motion for a new trial, calling in question the instructions complained of, is as follows:

"The court erred in its instructions to the jury in said cause, from number one to number seven inclusive."

This assignment calls in question the correctness of all the instructions from one to seven inclusive, and can be maintained only by showing that all of the instructions are erroneous. *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *Williamson* v. *Brandenberg*, 6 Ind. App. 97.

It is not insisted that instructions number one, six and seven, were incorrect, and we must assume, inasmuch as no objections have been pointed out, that they state the law correctly. As already stated, the assignment being joint, if any one of the instructions is good, the exception can not be sustained.

The sixth reason assigned in the motion for a new trial is as follows: "The defendant Rees, at the time he was examined as a witness in said cause, was sick and suffering

from a severe attack of bilious headache, and was not able, at the time of his examination, because of such sickness, to remember that he had notified the plaintiff, in writing, of the rejection of the lemons in question in said suit, and the cause of such rejection, when, in fact, he had so notified said plaintiff, as shown by the affidavits of said defendants Rees and E. McCormick, which are now filed herewith and made a part of this reason for a new trial herein."

The affidavits referred to in this cause are not a part of the record, not having been made such by bill of exceptions, or order of the court. *Jerauld* v. *Watkins*, 1 Ind. App. 466; *McDaniel* v. *Mattingly*, 72 Ind. 349; *Applegate* v. *Baxley*, 93 Ind. 147; *Hodgson* v. *Board, etc.*, 97 Ind. 604; *McConnell* v. *Huntington, Admr.*, 108 Ind. 405.

The record does not disclose any application to the court for a continuance on account of the sickness of the appellant. It does show, however, that appellant was a witness in his own behalf, and gave his testimony without complaint. Under such circumstances, it is impossible to conceive why the court below should grant a new trial upon a showing, simply that, while on the witness stand testifying, he had forgotten facts which he recalled since the trial.

No reason has been pointed out why the court should have granted the motion upon this showing, except counsel for appellant, in his brief, says: "We think the trial court should have granted us a new trial for the reasons assigned in the sixth reason for a new trial. Mr. Rees was compelled to go home on account of sickness during the trial, this the court saw and knew, in addition to our presenting it to him in our sixth reason supported by affidavits."

Such reasoning may appear, and no doubt is, very satisfactory to counsel, but it wholly fails to show to this court any error committed by the court in the trial of the cause. This court can only review and pass upon the ruling of the lower court, and in determining whether or not the court erred in overruling the motion for a new trial, we

must look to the record to ascertain the rulings upon which the reasons assigned are predicated. The record discloses no ruling upon which the sixth reason assigned for a new trial could be based.

We find no error in the record.

Judgment affirmed.

Filed April 13, 1893.