## PATTON ET AL. *v.* CAMPLIN.

CONVEYANCE.—*Breach of Covenant.—Counter-Claim.—Copy.—Exhibit.*— A counter-claim, based upon an alleged breach of the covenants of a deed of conveyance of lands executed by the plaintiff to the defendant, must, to be sufficient on demurrer, set out either the original deed or a copy thereof.

PRACTICE.—*Affidavit to Set Aside Judgment.—Bill of Exceptions.—Record.— Supreme Court.*—An affidavit, supporting a motion to set aside a judgment, forms no part of the record on appeal to the Supreme Court, unless embodied in a bill of exceptions.

From the White Circuit Court.

—— *Carnahan* and *R. Gregory*, for appellants.

WORDEN, J.—Suit by the appellee, against the appellants, upon a promissory note executed by the defendants to the plaintiff.

Judgment for the plaintiff.

The defendants answered, setting up, in substance, that the note sued on was given for the purchase-money, in part, for certain real estate purchased from the plaintiff and one James Hays; that the plaintiff and James Hays executed to the defendants a warranty deed for the real estate; that, at the time of the execution of the deed, the grantors had no title to one-fourth of the real estate, but that the same was in the heirs of Solomon Hays; that the full consideration for the real estate was two thousand one hundred dollars, all of which has been paid except the note in suit.

A demurrer to this paragraph of answer, for want of sufficient facts, was sustained, and of this ruling the appellants complain.

It is plain, that, if the answer alleged any matter of defence or counter-claim, it was based upon the covenants in the deed. The deed, therefore, was the foundation of the defence, and the original, or a copy thereof, should have been filed with the answer. This was not done, and the demurrer, therefore, if for no other reason, was correctly sustained.

The defendants filed an affidavit, on which they asked the court to set aside the judgment, but this motion was overruled. The affidavit was not made a part of the record by bill of exceptions or otherwise; hence we can not notice it.

There is no error in the record.

The judgment below is affirmed, with costs.