## FOXWELL v. THE STATE.

CRIMINAL LAW.— *Failure of Defendant to Testify.—Instruction.— Waiver.*—
Where the defendant in a criminal prosecution does not testify on the

trial, he can not complain of the omission of the court to instruct the jury, under section 90 of the criminal code, 2 R. S. 1876, p. 395, in relation to his failure to testify, if he has not requested the court to so instruct.

From the Rush Circuit Court.

*J. Q. Thomas* and *J. J. Spann,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution for murder in the first degree.

The indictment charged the appellant, Harry T. Foxwell, with the murder of John W. White.

Upon an arraignment, a plea of not guilty and a trial by a jury, a verdict was returned finding the appellant guilty as charged, and fixing his punishment at imprisonment for life.

A motion for a new trial was interposed and overruled, and judgment followed upon the verdict.

Error is assigned here upon the overruling of the motion for a new trial.

One of the causes assigned for a new trial, and the only one discussed by counsel for the appellant, was :

" Because the court failed to instruct the jury in a material point of law, as the statute directs he shall do, viz.: That the failure of the defendant to testify in his own behalf ' shall not be commented upon, or referred to in the argument of the cause, nor commented upon, referred to or in any manner considered by the jury trying the same.' "

The appellant did not offer himself as a witness, nor testify in his own behalf, upon the trial, but the record does not inform us that his failure to testify was either commented upon, or referred to in the argument, or in any manner considered by the jury while trying the cause.

The statute prescribing who shall be permitted to testify in criminal causes says :

"The following persons are competent witnesses:

\*   \*   \*   \*   \*   \*   \*   \*   \*

"*Fourth.* The defendant to testify in his own behalf, but if the defendant do not testify, his failure to do so shall not be commented upon, or referred to in the argument of the cause, nor commented upon, referred to or in any manner considered by the jury trying the same, and it shall be the duty of the court, in such case, to instruct the jury as to their duty under the provisions of this section." 2 R. S. 1876, p. 395, sec. 90.

The court instructed the jury generally as to the law defining the different degrees of homicide and prescribing the punishment therefor, and as to the rules governing the trial of criminal causes, but did not instruct them as to their duty where the defendant had failed to testify in his own behalf, as provided by the section of the statute above quoted.

No objection is urged to the instructions which were given by the court, and no question is made here upon any of those instructions. We assume, therefore, that the instructions thus given gave the law correctly to the jury, as to all the subject matters embraced within them, and to which they were directed.

It has been repeatedly decided by this court, that a cause will not be reversed because the instructions did not cover all the points which arose upon the trial, provided the instructions were correct, so far as they may have gone.

The rule in such a case is, that the party complaining of an omission in the instructions must ask the court for an instruction covering the omission, or some material portion of it, before he can make any question as to such omission in this court. The failure of such party to ask an instruction, at the proper time, to supply such omission, operates as a waiver of any objection to such omission, and leaves him without any question reserved for decision here.

·As to the omission complained of in the case before us, it is not shown that, the appellant asked any instruction to supply it, or that he otherwise requested the court to instruct the jury as to their duty, upon his failure to testify in his own behalf. Under such circumstances, he must be deemed to have acquiesced in such omission, and to have foregone his opportunity to reserve any question upon it.

We see no error in the proceedings below.

The judgment is affirmed, at the costs of the appellant.