No. 8016.

MARKS v. JACOBS.

SLANDER.—*Pleading.*—*Complaint.*—*Words Actionable Per Se.*—In an action for slander, where the words charged to have been spoken are actionable *per se*, it is not necessary that the complaint should name the persons, in whose presence and hearing they were spoken.

PRACTICE.—*Instruction.*—*Failure to Give.*—*Waiver.*—A party can not be heard to complain, on appeal, of the failure of the trial court, on request, to instruct on a particular point, unless an instruction covering such omission was asked, and its refusal properly excepted to; otherwise any objection to such omission is waived.

SAME.—*Evidence.*—It is not error to permit the plaintiff to testify to matters in rebuttal, where the defendant has been allowed to give testimony tending to show the plaintiff's guilt of the charges made, in mitigation of damages.

SAME.—*New Trial.*—*Newly-Discovered Evidence.*—*Affidavit.*—An affidavit in support of defendant's motion for a new trial, on the ground of newly-discovered evidence, to be available on appeal, must be made a part of the record by bill of exceptions.

DAMAGES.—Where the words charged in the complaint, in an action for slander, are actionable *per se*, the amount of damages is exclusively within the sound discretion of the jury.

From the Marion Circuit Court.

*B. F. Davis* and *C. B. Feibleman*, for appellant.
*V. Carter* and *J. B. Black*, for appellee.

FRANKLIN, C.—This is an action for slander.   Complaint in two paragraphs.   The first charges the speaking of the following words: "Jake (plaintiff meaning), you stole my clips (meaning that the plaintiff had stolen certain scraps or

Marks *v.* Jacobs.

clippings of cloth, such as are sold as rags by merchant tailors). You (plaintiff meaning) stole my clips; Jake, you (plaintiff meaning) are a thief; you (plaintiff meaning) stole my clips."

The second paragraph charges the following words: "Get out of here, you (plaintiff meaning) thief; you stole my clips (meaning this plaintiff); you (plaintiff meaning) God damned thief; I (the defendant meaning) can prove that you (plaintiff meaning) are a thief."

To which complaint the defendant filed a motion to make it more specific, by giving the names of the persons, in whose presence and hearing the words were charged to have been spoken. Which motion was overruled, and the defendant excepted, and filed an answer in denial.

Trial by jury. Verdict for appellee. Motion for a new trial overruled and excepted to. Judgment for appellee.

The following assignments of error have been filed in this court, to wit:

1st. Overruling motion to make complaint more specific;
2d. Overruling motion for a new trial.

These words were actionable *per se*, and in such cases it is not necessary to give the names of the persons in whose presence and hearing they were spoken. *Guard* v. *Risk*, 11 Ind. 156; *Emmerson* v. *Marvel*, 55 Ind. 265, 269.

There was no error in overruling the motion to make the complaint more specific.

No statutory objection was made in the court below to the complaint, nor is there any included in the assignments of error, in this court. A motion to make more specific does not amount to an objection to the sufficiency. No question is raised in this record as to the complaint's containing sufficient facts to constitute a cause of action.

The motion for a new trial embraced the following reasons, to wit:

1st. Error in first instruction.   2d. Error in second instruction.   3d. Error in third instruction.   4th. Verdict not sustained by the evidence.   5th. Excessive damages. 6th. Failing to instruct jury on the subject of malice.   7th. Admission of illegal testimony.   8th. The discovery of new testimony.

Under these reasons for a new trial, it is urged by appellant's counsel that the judgment below should be reversed, because the court failed to instruct the jury upon certain points.   The court did give the jury general instructions in the case.   No instructions were asked by appellant.   No exception was taken to the failure or omission of the court to instruct upon the point now complained of ; and no question is properly presented to this court upon that subject.   The rule in such cases is, that the party complaining of an omission in the instructions must ask the court for an instruction covering the omission.   The failure of such party to ask such instruction, and except to the refusal to give it, operates as a waiver of any objection to such omission, and leaves him without any question reserved for the decision of this court.   *Rollins* v. *The State*, 62 Ind. 46, 54; *Krack* v. *Wolf*, 39 Ind. 88 ; *Foxwell* v. *The State*, 63 Ind. 539, 541 ; *Adams* v. *The State*, 65 Ind. 565.

It is further urged that the court, having failed to instruct the jury that the plaintiff could not recover punitive damages, and was limited to actual damages, misled the jury, by reason of which the assessment of the damages at $500 was excessive.   This objection is also subject to the foregoing rule.   But it might be reasonably supposed that the court would have properly refused such an instruction had it been asked.

Under these reasons for a new trial, it is further urged that the court erred in admitting testimony, on the part of the plaintiff, in rebuttal to testimony given by the defend-

ant, tending to show the plaintiff's guilt of the charges made, in mitigation of damages. The defendant having the right to introduce this testimony for that purpose, the plaintiff would certainly have the right to rebut it, in order to prevent a mitigation of the damages.

It is also urged that a new trial ought to have been granted for the reason of newly-discovered evidence. Although this eighth reason for a new trial is verified by appellant, yet the accompanying affidavits in relation to the newly-discovered testimony are not made a part of the record by any bill of exceptions, and are not properly in the record; still they show a want of diligence in the defendant in trying to procure the testimony before the trial; and had he the proper evidence at the trial, of the pending indictment at St. Louis, it could not have been legally admitted as evidence. *Wray* v. *Tindall*, 45 Ind. 517; *Patton* v. *Camplin*, 63 Ind. 512; *Fryberger* v. *Perkins*, 66 Ind. 19.

As to the question of excessive damages, the amount was exclusively within the discretion of the jury, the words being actionable *per se;* and we do not see such an unreasonable exercise of that discretion as would justify this court in interfering with the verdict for that reason.

The other reasons for a new trial have not been discussed or insisted upon by appellant in his brief. They may, therefore, be considered as waived.

We see no error in this record.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at appellant's costs.