THE STATE OF KANSAS v. TIMOTHY CROW.

INTOXICATING LIQUORS — *Sale Without Permit* — *Practice.* In a prosecution for selling intoxicating liquors without a permit, it is not necessary, since the enactment of chapter 149 of the Laws of 1885, for the state, in the first instance, to prove that the party charged did not have a permit to sell intoxicating liquors for the excepted purposes.

*Appeal from Decatur District Court.*

THE opinion states the facts.

*Bertram & McElroy,* for appellant.

*John T. Little,* attorney general, and *J. C. Wilson,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Timothy Crow was convicted of the sale of intoxicating liquors without having a permit, and the penalty adjudged was a fine of $100 and imprisonment in the county jail for 30 days. He appeals to this court, and complains that the trial court erred in charging the jury. Most of the criticisms upon the charge are not sufficiently specific

to require attention. It is said that the instructions are vague and indefinite, and that the definition given of the term "reasonable doubt" was incorrect. An examination of the charge, however, satisfies us that there is no cause for complaint, nor any objection raised that would justify comment.

It is insisted that it was the duty of the state, in the first instance, to prove that the defendant did not have a permit to sell intoxicating liquors for the excepted purposes, and that the court erred in refusing to charge the jury to that effect. Before the passage of chapter 149 of the Laws of 1885, the burden of proving a want of permit was upon the the state. ( *The State v. Schweiter*, 27 Kas. 499; *The State v. Nye*, 32 id. 201.) By § 14 of the act mentioned, it was specifically provided that "it shall not be necessary in the first instance for the state to prove that the party charged did not have a permit to sell intoxicating liquors for the excepted purposes." It was competent for the legislature to provide that the prosecution is not bound to produce evidence in support of the negative allegation that the sale was made without a permit. Indeed, a great many of the courts of last resort in the country hold that without such a statutory exception the burden of proving such a permit or license is upon the defendant. The rule is justified by considerations of convenience and reasonableness, as the subject-matter of the averment lies peculiarly within the knowledge of the defendant, who can easily show a permit or license if he has one, while proof of the negative could only be made by the state with considerable inconvenience. ( Black, Intox. Liq., § 507.) The grounds urged against the validity of the act of 1885 cannot be sustained. No other errors are specifically pointed out, and no sufficient reason is seen for disturbing the judgment that was rendered. It will be affirmed.

All the Justices concurring.