## THE STATE OF KANSAS v. JACK STREDDER.

### No. 147.

1. INTOXICATING LIQUORS—*Recognizance Waives Irregularities of Warrant.* Where a warrant is issued upon an information charging the defendant with selling intoxicating liquor in violation of law, and the defendant, without making any objection to the sufficiency of the warrant or information, or the sufficiency of the verification of the information, enters into a recognizance for his appearance before the district court at a time therein stated, and is thereby discharged from arrest, he waives any supposed defects or irregularities in the issuing of the warrant without a sufficient verification of the information, and cannot afterward, for that reason, and upon motion, have the warrant quashed or set aside.

2. ——— *Continuance a Matter of Discretion.* Where the defendant in a criminal action voluntarily enters into a recognizance for his appearance before the district court at a specific time, and thereafter and at the date named in the recognizance appears before said court, he is not entitled to a continuance of said cause to the next term as a matter of right, but the granting of such continuance is within the sound discretion of the trial court.

3. ——— *Motion for New Trial Properly Overruled.* Where a defendant is convicted upon six counts of an information, each charging the unlawful sale of intoxicating liquor, and thereafter files a motion for a new trial which is general in its terms, and, by his counsel, refuses to have said motion considered as to each count separately, it is not error of the court to overrule said motion, where the evidence as a whole sustains the conviction.

MEMORANDUM.—Appeal from Rice district court; ANSEL R. CLARK, judge. Prosecution for violations of the prohibitory liquor law. The defendant, Jack Stredder, was convicted. He appeals. Affirmed. The opinion herein, filed March 9, 1896, states the material facts.

*A. M. Lasley*, and *Samuel Jones*, for appellant.

*F. B. Dawes*, attorney general, and *S. H. Jones*, county attorney, for The State.

The opinion of the court was delivered by

COLE, J. : The defendant, Jack Stredder, was convicted in the district court of Rice county upon six counts of an information charging unlawful sales of intoxicating liquor, and sentenced by said court to pay a fine and be imprisoned in the jail of Rice county on each of said counts. From such conviction and sentence he appeals to this court.

It appears from the record that the defendant was arrested on the 4th day of April, 1895, and that on the next day he gave his recognizance to appear before the district court of Rice county on the 9th day of April, 1895, said court having adjourned until that time. On the last-named date the defendant filed a motion challenging the sufficiency of the verification of the information as a basis for a warrant of arrest, and moved to quash said warrant, which motion was by the court overruled. The ruling upon this motion is the first question raised in this court. It is contended by counsel for the defendant that this was the first opportunity which the defendant had to challenge the sufficiency of the warrant. The ruling of the district court upon this proposition was based upon the fact that the defendant had voluntarily entered into a recognizance, and that therefore the warrant had spent its force, and that he was not held by virtue of the warrant but by the recognizance for his appearance before the court. We are of the opinion that the court committed no error in overruling the motion. It is true that the information filed in this case was verified by the county attorney upon information and belief, and that the affidavits accompanying said information were not sufficient to support the issuing of a warrant, and this was so held by the court. The

fact that the court was not in session when the defendant was arrested did not preclude the defendant from raising the question of their insufficiency prior to the giving of a recognizance.   He could have filed his motion challenging the sufficiency of the warrant, although the court was not then in session, and thereby have protected his rights, or, having satisfied himself that no such verification of the complaint had been made as would justify the issuing of a warrant, he might have raised the question and obtained his release under the writ of *habeas corpus.*

The giving of the recognizance was undoubtedly a waiver of any right to question the sufficiency of the warrant.   A number of cases are cited by counsel upon both sides with regard to this question.   It is true most of them differ in some facts from the one at bar, but in *The State v. Longton,* 35 Kan. 375, VALENTINE, J., in delivering the opinion of the court, plainly lays down the rule as above stated in the following language :

" We think when the defendant entered into a recognizance for his appearance at court, without making any objection to the sufficiency of the warrant, or the sufficiency of the information, or the sufficiency of the verification thereof, he waived the supposed defects in the verification of the information and the irregularity in issuing the warrant without a sufficient verification."

Some question is raised by the counsel as to the irregularity of the bond in question.   The record discloses that this recognizance was given voluntarily under the order of the court, and by the giving of the same the defendant procured his release from custody. It was properly approved by the sheriff, and the fact that the clerk of the district court also approved the bond neither adds to nor takes from its sufficiency.

The next question raised is whether the court committed error in refusing the motion of the defendant for a continuance of the cause to the next term of the district court.   No showing was made, so far as the record discloses, for this continuance, but it was demanded as a right, upon the ground that the warrant directed the sheriff to arrest the defendant, and, in default of bail for his appearance on the first day of the next term of court, to commit him to the jail of Rice county.   In this case, however, the defendant had given bond for his appearance on the 9th day of April, and, in accordance with the provisions of said bond, was present upon that day.   It was just such a bond as he desired to give, and having appeared in compliance therewith, the granting of a continuance was within the discretion of the trial court.   We are of the opinion that the motion was properly overruled. (*Hunt v. United States*, 10 Cir. Ct. App. 74.)

Objections are raised to some of the instructions given by the trial court.   We do not deem it necessary to insert said instructions in this opinion, but we have carefully examined each and all of such instructions and are clearly of the opinion that they state the law in the case, were in no way misleading to the jury, and that no ground for a reversal appears in any of them.

The next objection urged is that the court committed error in overruling the motion for a new trial. The record discloses that the defendant was convicted under each of the counts of the information from the first to the sixth, inclusive.   The motion for a new trial was in general terms and did not challenge the conviction upon each of the counts separately.   Upon the hearing of said motion, the trial court suggested that if the counsel for the defendant so desired he

would consider such motion as to each count separately. This the counsel declined to have done, and insisted upon the motion being considered to the conviction as a whole and not to each count separately. The court properly overruled the motion. We are of the opinion that the newly-discovered evidence relied upon by the defendant as a basis for a new trial was not of the character to entitle him to any relief. It is true, in this case, that the evidence was conflicting and that the reputation of the main prosecuting witness for truth and veracity was assailed; but the jury had all the witnesses and their testimony before them, and the trial court instructed fully upon every material question involved in the case. The jury evidently believed the statements of the witnesses for the prosecution, and upon their evidence convicted the defendant. An examination of the testimony shows that there was an abundance of testimony to sustain a conviction and we see no ground for disturbing the same.

The judgment of the district court is affirmed.

All the Judges concurring.