THE STATE OF KANSAS v. THOMAS F. GOFF, JR.

No. 178.* (61 Pac. 680.)

1. CRIMINAL LAW—*Defects in Information—Waiver.* Where a defendant in a misdemeanor case voluntarily enters into a recognizance for his appearance at a subsequent term, without making any objection to the sufficiency of the warrant, the sufficiency of the information, or the verification thereof, he waives any supposed defects in the verification, or irregularity, if any, in the issuance of the warrant.

2. —— *Refusal of Defendant to Testify — Instructions.* Where the defendant neglects or refuses to testify, it is not error for the court to refuse to instruct the jury: "The fact that the defendant did not testify in this cause should not be considered by the jury to affect his innocence or guilt."

*Reversed by supreme court. See 62 Kan. 104, 61 Pac. 683.—REP.

3. ———— *Inapplicable Instructions.* It is not error for the court to refuse to give an instruction, at the request of the defendant, which correctly states the law, where such instruction is not applicable to the testimony offered upon the trial.

4. ———— *Intoxicating Liquors—Proof of Permit.* In a prosecution under the prohibitory liquor law, it is not necessary that the prosecution in the first instance prove that defendant did not have a permit to sell intoxicating liquors for the excepted purposes.

5. ———— *Nuisance—Instructions.* It is error for a court to give an instruction which correctly states the law applicable to a nuisance, where such instruction permits the jury to find the defendant guilty of maintaining a nuisance by means other than those embodied in the complaint.

Appeal from Graham district court; C. W. SMITH, judge. Opinion filed June 5, 1899. Affirmed in part.

*George W. Jones,* for The State.

*H. J. Harwi,* and *W. M. Roberts,* for appellant.

The opinion of the court was delivered by

McELROY, J.: George W. Jones, county attorney of Graham county, on March 14, 1899, filed in the office of the clerk of the district court of that county an information charging Thomas F. Goff, jr., in seven counts, with the unlawful sale of intoxicating liquors, and in one count with maintaining a common nuisance under the prohibitory liquor law. The first count reads:

"I, the undersigned, county attorney of said county, in the name, by the authority and on behalf of the state of Kansas give information that Thomas F. Goff, jr., at the county of Graham, in the state of Kansas, on the 3d day of November, A. D. 1898, without having procured from the probate judge of said county any permit to sell intoxicating liquors, did then and there unlawfully sell and barter spirituous, malt, vinous, fermented and other intoxicating liquors, contrary to the statutes in such cases made and pro-

vided and against the peace and dignity of the state of Kansas.''

The other six counts of the information were the same, except the date of the sale. The eighth count reads:

"And I do further give the court to understand and be informed, that the said Thomas F. Goff, jr., at and in a certain two-story frame building situated on the south side of Main street, in the city of Hill City, Kan., on the east twenty-one feet of lot 19, in block 18, in the original town (now city) of Hill City, in said Graham county, in the state of Kansas, did, at the respective dates of the several offenses hereinbefore charged, then and there have and keep in his possession there, and then and there used and employed the same, in and about and for the commission of the said offenses, and then and there did at said dates, and still does, there keep and have in his possession for the purpose of being and employing, and uses and employs the same, in and about and for the purpose of keeping there an unlawful place for the unlawful sale and keeping for unlawful sale of intoxicating liquors to be used as beverages, and not for medical, scientific nor mechanical purposes, certain property, intoxicating liquors and vessels in his possession kept, to wit, certain barrels, boxes, kegs, jugs, and bottles.''

The information was verified before the clerk of the district court as follows:

"STATE OF KANSAS, GRAHAM COUNTY, ss.: I do solemnly swear that the allegations set forth in counts numbered first, second, third and eighth in the within information are true. So help me God.

T. J. GARNETT.''

"STATE OF KANSAS, GRAHAM COUNTY, ss.: I do solemnly swear that the allegations set forth in the within information are true, to the best of my information and belief. So help me God.

GEORGE W. JONES, *County Attorney.*''

A warrant was duly issued, and placed in the hands of the sheriff. The defendant was arrested, and afterward, on the 15th day of March, 1899, entered into a recognizance for his appearance at the next term of court, and was released from custody under the warrant of arrest. The defendant, on May 15 thereafter, filed his motion to quash the warrant of arrest for the reasons : (1) That the warrant of arrest was not issued upon probable cause, supported by the oath or affirmation of any person ; and (2) that the warrant of arrest, so far as it relates to the search and seizure of property, is void, for the reason that it does not particularly describe the property to be seized. The motion to quash was overruled. The defendant thereafter moved the court to quash the information for the reasons : (1) That the facts stated do not constitute a public offense ; (2) misjoinder of offenses ; (3) that the information is bad for duplicity ; (4) that the eighth count does not particularly describe the property to be seized ; and (5) that the fourth, fifth, sixth and seventh counts are not supported by the oath or affirmation of any person. This motion was overruled. The defendant was arraigned, refused to plead, and the court ordered a plea of not guilty to be entered. A trial was had at the May term, 1899, which resulted in the conviction of the defendant upon the first, second, third, fourth, fifth, seventh and eighth counts of the information. The defendant filed motions for new trial and in arrest of judgment, which were overruled. The court sentenced the defendant to pay a fine of $100 ; that he be confined in the county jail of Graham county for thirty days under each count of the information upon which conviction was had ; that he pay the costs of the prosecution ; and that he stand com-

19—10 KAN. APP.

mitted to the jail until the fine and costs be paid.
The defendant prosecutes an appeal.   The appellant
insists that the proceedings in the trial were erroneous,
as follows :

1.  The first, second and third assignments of error
present but one question ; that is upon the sufficiency
of the verification to the information.   The defendant
was arrested on March 15, 1899, at which time he vol-
untarily entered into a recognizance for his appear-
ance at the next regular term of the district court for
Graham county and was released.   The motion to
quash the warrant was filed May 15, 1899.   The de-
fendant was not under arrest at the time he made
his motion to quash the warrant.   The warrant had
spent its force and had been returned by the sheriff.
He was no longer held by reason of the warrant.   The
defendant was under recognizance to appear at court,
but he entered into that voluntarily.   When he en-
tered into a recognizance for his appearance, without
making any objection to the sufficiency of the war-
rant, the sufficiency of the information, or the verifi-
cation thereof, he waived the supposed defects in the
verification, and the irregularity, if any, in the issu-
ance of the warrant.   (*The State v. Longton*, 35 Kan.
375, 11 Pac. 163 ; *The State v. Stredder*, 3 Kan. App.
631, 44 Pac. 34.)

2.  It is contended that the court erred in refusing
to give instructions requested by the defendant.   The
instructions requested by the defendant of which com-
plaint is made are as follows :

"(1) The fact that the defendant did not testify in
this cause should not be construed by the jury to af-
fect his innocence or guilt."

This instruction presents a question which has been
largely considered by the courts of various states.   In

the Encyclopedia of Pleading and Practice (volume 11, page 351), it is said:

"In some jurisdictions it is made the duty of the court to instruct the jury that no inference of the defendant's guilt is to be drawn from his failure to testify, and it would seem that no request for such an instruction is necessary; in others, the giving of such an instruction is proper, but not necessary, in the absence of a request therefor. In some jurisdictions, because of the peculiar wording of the statutes, it has been held erroneous to refuse an instruction that no presumption of guilt should be indulged against the defendant on account of his failure to testify, and in others it has been held proper to instruct that such failure raises no presumption against the accused. On the other hand, the statutes of some states have been so construed as to prohibit the court from charging that a neglect or refusal of the accused to testify does not create any presumption against him. These courts take the view that the trial judge should say nothing whatever in regard to the matter."

Section 218 of the criminal code (Gen. Stat. 1897, ch. 102, § 218; Gen. Stat. 1899, § 5465) reads: "The neglect or refusal of the person on trial to testify, or of a wife to testify in behalf of her husband, shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place." This statute is very similar to that of Missouri, which reads (Rev. St. Mo., ch. 48, art. 7, § 4219): "If the accused shall not avail himself or herself of his or her right to testify, or of the testimony of the wife or husband, on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be consid-

ered by the court or jury before whom the trial takes place.'' Under this Missouri statute, it has been held that the trial court properly refused to give a similar instruction. (*State v. Robinson*, 117 Mo. 663, 23 S. W. 1066.) We are inclined to think that our statute is substantially like that of Missouri, and that the court properly refused to give this instruction. The neglect or refusal of a person on trial to testify shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place. This is plain : The court shall not consider the matter ; the jury shall not consider the same. How can the court instruct upon a matter which it cannot consider ? Why instruct the jury upon a question which it cannot take into consideration ? The instruction was properly refused.

''(2) The court instructs the jury that you are not authorized by law to arbitrarily reject, without cause or reason, the testimony of any witness, but it is your duty to carefully examine, and, so far as possible, harmonize all the testimony in the case upon the basis of truth ; but if you are unable to do this, then you are authorized to, and it is your duty to, reject such of it as you think not entitled to credit. And in considering the testimony you should not draw any unfair inference or unjust conclusions against the defendant because of any failure or omission on his part to offer any particular kind of evidence, but he should be tried alone upon the facts proved. You are to found your verdict on the testimony delivered by the witnesses upon the witness-stand, and are not to supplement it with some other fact that you may think exists but which has not been proven.''

It is apparent that this instruction would be very proper under some circumstances. For instance, in a case where, from conflicting testimony, a party should

The State v. Goff.

apprehend that, for some reason, portions of his testimony might be arbitrarily rejected by the jury without sufficient excuse.    In the case at bar, the defendant introduced no testimony ;  he had no witnesses nor testimony to be protected from arbitrary rejection by the jury ;  there was no conflict in the testimony, there was no just ground for the defendant to apprehend that testimony would be arbitrarily rejected ;  he had offered none ;  there was no conflict in the testimony to be harmonized by the jury ;  hence there was no necessity for an instruction as to how to harmonize conflicting testimony.    The instruction was not applicable to the testimony, and was properly refused.

3.  That the court erred in instructing the jury :

"(1)  The necessary elements constituting the crime charged in the first, second, third, fourth, fifth, sixth and seventh counts of the information, and which must be proven by the evidence beyond a reasonable doubt, to justify a conviction under any of them, are : First, that the defendant unlawfully sold some kind of intoxicating liquors ;  second, that he sold it within Graham county, Kansas ;  third, that such sale or sales were made some time within two years just prior to the 14th day of March, 1899."

The contention here made is that the instruction is erroneous, for the reason that it eliminates entirely the necessity of the state proving that the defendant did not have a permit from the probate judge to sell intoxicating liquors.    The court committed no error in giving this instruction.    It is not necessary that the prosecution in the first instance prove that the defendant did not have a permit to sell intoxicatiug liquors for the excepted purposes.    Section 47, chapter 101, General Statutes of 1897 (Gen. Stat. 1899, § 2417), reads : ".  .  .    It shall not be necessary in the first instance for the state to prove that the party

charged did not have a permit to sell intoxicating liquors for the excepted purposes. . . ." (*The State v. Crow*, 53 Kan. 662, 37 Pac. 170.)

"2. If one keeps a place where the public generally is permitted to resort for the purpose of obtaining intoxicating liquors to be used as a beverage, and the public generally do resort to such place for such purpose, and the liquors are delivered by the keeper thereof to such persons as do resort to the place for that purpose, and such liquors are drank in the premises with the knowledge and consent of the keeper, such facts are evidence from which a jury would be justified in inferring that such place is a common nuisance, under the prohibitory liquor law."

Section 39, chapter 101, General Statutes of 1897 (Gen. Stat. 1899, § 2410), reads:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this act, are hereby declared to be common nuisances. . . ."

The eighth count of the information charges only under the first and third subdivisions of the statute defining a nuisance. There is no attempt to charge under the second subdivision, "or where such persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage." This instruction was therefore erroneous. (*The State v. Nye*, 32 Kan. 201, 4 Pac. 134; *The State v. Burkett*, 51 id. 175, 32 Pac. 925.)

4. The next contention is that the verdict of the jury is contrary to the law and the evidence. It is here contended that there is no evidence as to what county

The State v. Goff.

the several offenses were committed in, and that there is no evidence as to whether or not the defendant had a permit to sell intoxicating liquors. We have already noted sufficiently the latter contention. We have examined the evidence very carefully tending to show in what county the several sales of liquors were made. We think that there was an abundance of testimony from which the jury might properly find that the offenses were committed in Graham county. As to the conviction upon the eighth count, however, there is a total lack of evidence to show that the sales were made in a two-story frame building situated upon the south side of Main street, in Hill City, Kan., on the east twenty-one feet of lot 19, in block 18, in the original town (now city) of Hill City, in Graham county, state of Kansas. There is, therefore, a lack of evidence to support the conviction of the defendant on the eighth count of the information. From what we have said, it follows that the court properly overruled the motion for a new trial as to the first, second, third, fourth, fifth and seventh counts of the information. The court erred in overruling the motion for a new trial upon the eighth count of the information, for the reasons hereinbefore stated. The judgment of conviction will be affirmed as to the first, second, third, fourth, fifth and seventh counts of the information, and a new trial awarded upon the eighth. The costs in this court are taxed one-seventh to the state, and six-sevenths to the appellant.