### THE STATE OF KANSAS v. THOMAS F. GOFF.

#### No. 11,673.* (61 Pac. 683.)

CRIMINAL PRACTICE—*Failure of Defendant to Testify*. In the trial of a criminal case in which the defendant fails to testify, it is error for the court to refuse to instruct, if requested by him, that "the fact that the defendant did not testify in this cause should not be construed to affect his innocence or guilt."

Appeal from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed June 9, 1900. Reversed.

*A. A. Godard*, attorney-general, and *G. W. Jones*, county attorney, for the state.

*H. J. Harwi*, and *W. M. Roberts*, for appellant.

*For opinion by the court of appeals, see 10 Kan. App. ——, 61 Pac. 680.—REP.

The State v. Goff.

The opinion of the court was delivered by

DOSTER, C. J.: This is an appeal from a judgment of conviction of a misdemeanor.   We ordered a certification of the case from the court of appeals in order to give consideration to the question whether it was the duty of the trial court, upon defendant's request, to give to the jury the following instruction: "The fact that the defendant did not testify in this cause should not be construed to affect his innocence or guilt."   In this case the court of appeals for the northern department held that a refusal to give this instruction was not error. (10 Kan. App. ——, 61 Pac. 680.)   The court of appeals for the southern department, in *The State v. Evans*, 9 Kan. App. 889 (*per curiam*), 58 Pac. 240, made a contrary holding.

The criminal code, section 215 (Gen. Stat. 1897, ch. 102, § 218; Gen. Stat. 1899, § 5465), after declaring the competency of defendants in criminal cases and their wives to testify, further provides:

"That the neglect or refusal of the person on trial to testify, or of a wife to testify in behalf of her husband, shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place."

Section 215*a* also declares: "If the accused shall not avail himself of his right to testify in any case, it shall not be construed to affect his innocence or guilt." Is it the duty of the court, upon the defendant's request, to instruct the jury in accord with the above-quoted statutory provisions?   We think it is.   Is section 215, above quoted, in the nature of a limitation upon the power of the judge in the matter of instruc-

tions, or does it require of him the performance of a duty as to instructions when requested by the defendant? We think it does the latter. It is a fact that it is always within the power of a defendant accused of crime to give exculpatory evidence in his behalf. It is a fact that his failure to do so will be noticed, commented upon, and considered by others, unless they are under a legal or sworn duty not to do so. The very object of the statute was to guard, as well as could be, against the consequences of these well-known facts; hence it was provided that they should not be commented on by the prosecuting attorney, nor considered by the court or jury; that is, not considered to the prejudice of the defendant.

But how shall the right of the defendant be guarded against that natural suspicion of the jury aroused by his failure to testify, unless the law governing the jury's duty be explained to them by the court? The statute does not say that the defendant's failure to testify shall not be commented on by the court, but it says that it shall not be considered by it; that is, it shall not be taken into account against the defendant; not that the court shall not guard the defendant's rights against adverse criticism and consideration by others. If the statute were to be construed in accordance with the theory of the state it would utterly fail in at least one, if not all, of its provisions. Suppose the county attorney, in disregard of the prohibition upon him, should refer to the circumstance of the defendant's failure to testify, and suppose the court, as in duty bound, should interfere to check him and should order him to desist, and should instruct the jury to give no heed to his remarks in that respect, the court would be of necessity considering the defendant's failure to testify. It would be, how-

ever, considering it with a view to the protection of his legal rights; but, under the theory of the state, the very duty thus performed would involve an error of law.

The decisions of the courts are not all uniform on the question.   In *The State v. Robinson*, 117 Mo. 663, 23 S. W. 1066, and *State v. Pearce*, 56 Minn. 226, 57 N. W. 652, 1065, the refusal to give the instruction upon defendant's request was held not to be error. A contrary holding was made in *Farrell v. The People*, 133 Ill. 244, 24 N. E. 423.   In *Matthews v. The People*, 6 Colo. App. 456, 41 Pac. 839; *People v. Flynn*, 73 Cal. 512, 15 Pac. 102; *Foxwell v. The State*, 63 Ind. 539; and *Metz v. State*, 46 Neb. 547, 65 N. W. 190, it was held not to be error for the court, in the lack of a request by defendant, to fail to give the instruction. The logic of these decisions and the language of the opinions are to the effect that the court's failure to instruct, if requested by the defendant, would have been error.

Some other claims of error are made by the appellant, but they are not well taken.   However, for the reasons above given, the judgments of the court of appeals and of the district court are reversed, and a new trial ordered.