The State of Ohio, Appellee, *v.* Rollins, Appellant.

(No. 5265—Decided December 2, 1976.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Herbert Creech,* for appellee.
*Mr. Michael R. Echart,* for appellant.

McBride, J. Appellant was convicted by a jury of aggravated robbery and sentenced for this and other offenses. He lists four assignments of error. These will be separately discussed and considered.

Appellant did not take the stand. There was no request for or objection to the instructions to the jury.

The court instructed the jury as follows:

"In this case the defendant did not testify. It is not necessary that the defendant take the witness stand in his own defense. He has a constitutional right not to testify. The fact that the defendant did not testify must not be considered by you for any purpose." 4 OJI 405.21 (1974).

In *Griffin* v. *California* (1965), 380 U. S. 609, the Supreme Court of the United States struck down statutes and practices that permitted the prosecution to comment and argue on the evidential effect of the failure of the defendant to testify under his constitutional right. However, in this assignment the appellant asserts prejudicial error by the

court in telling the jury of the existence of the defendant's constitutional right and advising them that the failure of the defendant to testify must not be considered for *any* purpose. There is no claim that the instruction given by the court is not the law nor that it was improperly or unfairly worded. True, appellant does suggest that such an instruction should be directed to evidence of guilt rather than all purposes; however, the choice of rhetoric suggested by appellant is too limited to encompass the full sweep of the constitutional protection and it may arguably be prejudicial as permitting the failure to testify to be used for other purposes in arriving at a verdict.

The thrust of appellant's argument is that the *Griffin* case confers a right permitting the accused to decide whether his constitutional right not to testify should be mentioned to the jury. The *Griffin* case stands for the proposition that "comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt" is prohibited. *Griffin, supra* at 615. To this the court added its famous footnote 6: "We reserve decision on whether an accused [in a state case] can require, as in *Bruno* v. *United States*, 308 U. S. 287, that the jury be instructed that his silence must be disregarded." The reference to the *Bruno* case implies a possible right of the accused to demand an instruction such as was given in this case; however, it does not suggest any change in the duty of the trial court in its discretion to instruct the jury on all the law applicable to the case.

The inherent power of the trial court and its statutory duty to instruct the jury fully and correctly on all the applicable law is not subject to the whims or strategic desires of any party. While instructions must always be precise and correct, we know of no decision that grants to any party the right to prevent full and adequate instructions on all the applicable law. Such a right, if granted, would undermine the jury system and the function of the trial judge. As we shall discuss later, such a right to a party, if granted, would constitute an abdication of judicial authority.

The problem that arises when one accused at trial

fails to testify is always before the jury. It is a common fact of ordinary life that one accused will respond with his denial. It is equally a matter of common, public knowledge in this country that the accused has a constitutional 'right not to do so. We do not share the belief that jurors are ignorant or stupid. Any defendant who chooses not to testify accepts a calculated, strategic risk that his failure will leave an impression upon the jury even though his open failure is otherwise sealed in a vacuum of no comment by counsel and no instructions by the court. Failure to testify is a demonstrated act before the jury. In no way can it be compared to a particular fact that would not come to the jury's attention unless someone mentioned it. If we would agree that the jury must operate in a vacuum of instructions of law, jurors would be legally free to resolve every question of credibility against a defendant who did not speak up. And in the absence of any instruction or reminder of constitutional rights, jurors could point 'to the court as responsible for any irresponsibility they may adopt in this regard.

The tradition of justice in this country through a fair and impartial jury is based upon a complete submission by the trial judge of all applicable law and an honest consideration by the jury of the facts. Law and facts submitted to a jury present difficult problems and require fine judgment. In this delicate balance it is incomprehensible that any party be permitted to control the law or to require the court to withhold the law from the jury so as to force the jury to resolve a case in a vacuum.

On the present assignment, in the absence of a request or objection it is proper to rely upon Crim. R. 30 as a waiver of any objection to the instruction in question. This claim of error, based as it is upon strategic considerations for appeal in any event, is resolved by the precise purpose of Crim. R. 30.

However, more to the point is *State* v. *Nelson* (1973), 36 Ohio State 2d 79, in which the Supreme Court of Ohio held, in the syllabus:

"2. There is no provision in the Constitution of Ohio

or in the Ohio Revised Code which entitles a defendant in a criminal case to have the jury instructed that his failure to testify must not be considered for any purpose.

"3. In a criminal case, it is discretionary with the trial court whether to charge on the defendant's right to elect not to testify."

The opinion states that the court is "not so constrained to abdicate to the accused or his counsel the decision on the question of the content of the trial court's charge on the issue presented here. * * * *Those decisions should be left to the sound discretion of the trial court.*" Page 84 (Emphasis ours.)

Abdication of judicial authority is an accurate description for any situation where a party or his counsel is permitted to prevent the jury from receiving correct law that is applicable to a given case. There is no merit to the first assignment.

The second assignment is based upon the refusal of the trial court to review or to read the testimony of a witness upon request of the jury during deliberations. There is no merit to this assignment.

A review of the testimony by the court or the reading or replaying, if on tape, of the testimony of a witness rests by law in the discretion of the court.

Traditionally, Ohio courts do not review or comment on the evidence; however, judges may upon request furnish assistance for the jury. This discretion was reaffirmed in *State* v. *Berry* (1971), 25 Ohio St. 2d 255, where the trial judge allowed testimony taken at trial to be read to the deliberating jury. Whether testimony is read to the jury is in the sound discretion of the judge. We find no abuse of discretion in this case in refusing the request.

The third assignment claims a failure to give a complete definition of the terms aiding and abetting. The instruction given in this case adequately covered this question. The definition and the explanation was simple and complete and required no further words on the part of the court.

Here again, this assignment might well be denied for

the further reason that the question was not brought to the attention of the court. Crim. R. 30. There is no merit to this assignment.

The last assignment challenges the sufficiency of the weight of the evidence. The appellant was identified as having been in the store twice and as one of two persons involved in the robbery with the actual use of a weapon. Therefore, the evidence, if accepted by the jury, was sufficient for conviction. Under these circumstances, a reviewing court may not substitute its judgment. This assignment is denied.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.