No. 48,779

STATE OF KANSAS, *Appellee,* v. DANIEL L. PERRY, *Appellant.*

(573 P 2d 989)

Opinion filed December 10, 1977.

*Phillip S. Frick,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and was on the brief for the appellant.

*James L. Linn,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Stephen M. Joseph,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Daniel L. Perry appeals, following his conviction by a jury of aggravated robbery, K.S.A. 21-3427.

He raises but one point: that the trial court violated his constitutional rights when it instructed the jury, over his objection, that:

"You shall not consider the fact that the defendant did not testify in arriving at your verdict."

This instruction is taken from PIK Crim. 52.13. Defendant acknowledges in his brief and in oral argument that the instruction is a correct statement of the law, and he does not challenge the substance of the instruction.

Instead he argues, and not without support, that the Fifth Amendment right not to testify, enforceable against the states through the Fourteenth Amendment, carries with it the correlative right to prevent the trial judge from singling out and emphasizing the accused's failure to testify, in the jury instructions; and that such an instruction, over defendant's objection, constitutes a "comment" on his failure to testify, and is prejudicial.

We have previously considered this or similar instructions, and we have held that the giving of such an instruction correctly states the law and is not erroneous. *State v. Kowalec,* 205 Kan. 57, 60, 468 P.2d 221; *State v. McCoy,* 160 Kan. 150, 161, 160 P.2d

238; *State v. Olsen,* 88 Kan. 136, 142, 127 Pac. 625. Long ago, in *State v. Goff,* 62 Kan. 104, 61 Pac. 683, we held that it was reversible error for a trial court to *refuse* to give such an instruction if requested by the defendant to do so. And recently, in *State v. Quinn,* 219 Kan. 831, 549 P.2d 1000, where a similar instruction was given over the objection of the defendant, we held that the instruction, when considered with others given, was adequate. In *Quinn,* however, the precise issue raised here was not asserted.

The Fifth Amendment to the Constitution of the United States provides that "No person . . . shall be compelled in any Criminal Case to be a witness against himself . . ." Similarly, section 10 of the Kansas Bill of Rights provides that ". . . No person shall be a witness against himself . . ." Speaking of these constitutional provisions, Justice Fatzer, speaking for a unanimous court in *State v. Faidley,* 202 Kan. 517, 520, 450 P.2d 20, said:

". . . The provisions of the Fifth Amendment grant no greater protection against self-incrimination than does Section 10 of the Bill of Rights. . . . The manifest purpose of the constitutional provisions, both state and federal, is to prohibit the compelling of self-incriminating testimonial or communicative acts from a party or a witness, and 'the liberal construction which must be placed upon constitutional provisions for the protection of personal rights would seem to require that the constitutional guaranties, however differently worded, should have as far as possible the same interpretation . . .' (*Counselman v. Hitchcock,* 142 U.S. 547, 584, 585, 35 L.Ed. 1110, 1121, 12 S.Ct. 195.) . . ."

The defendant premises his claim upon *Griffin v. California,* 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229, and a number of subsequent federal and state appellate court decisions which have extended the Fifth Amendment privilege. In *Griffin,* in conformity with a California statute, the trial court instructed the jury:

" 'As to any evidence or facts against him which the defendant can reasonably be expected to deny or explain because of facts within his knowledge, if he does not testify or if, though he does testify, he fails to deny or explain such evidence, the jury may take that failure into consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are the more probable.' " (p. 610.)

The accused did not testify. During closing argument, the prosecutor dwelt upon the accused's failure to testify, emphasizing that

the defendant would know various things, and the answers to questions which arose in the case, but that he had not seen fit to take the stand and deny or explain them. The United States Supreme Court held:

".  .  . that the Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or *instructions by the court that such silence is evidence of guilt."* (Emphasis supplied.) (p. 615.)

The court specifically reserved decision on whether an accused can require that the jury be instructed that his silence must be disregarded (Footnote 6, p. 615). That right has been afforded an accused in this state since the turn of the century. *State v. Goff,* supra.

A few courts have recently held that it is error of constitutional magnitude and a violation of a defendant's rights for a trial court, over defendant's objection, to give the instruction here involved, and thus to "comment" on an accused's silence. These include the Supreme Courts of Arkansas, Iowa, and Indiana, and the Courts of Appeal of Arizona and California.

A number of courts have held it improper (on non-constitutional grounds), to give such an instruction over defendant's objection, and hold that it should be given only upon defendant's request. An equal or larger number have found no constitutional or other error where the instruction is given over defendant's objection, or without defendant's request. Most courts have approved the giving of the instruction *sua sponte.* Multiple defendant cases, where one defendant requests the instruction and others object to it, have perplexed trial and appellate courts alike in those jurisdictions which base the propriety of the giving of the instruction upon the request or the objection of the accused.

The great majority of the courts do not recognize any constitutional right in this area, and most cases turn on statutory or other grounds. We found no decision holding that the instruction misstates the law. We have reviewed many of these opinions, but do not believe citations or lengthy discussions of all of them need be included here. The conflict is explored and many of the cases are cited in an annotation found at 18 A.L.R.3d 1335.

Though the instruction was not requested by either defendant, it was given *sua sponte* by the trial judge, and was cited as error

on appeal in *United States v. Garguilo,* 310 F.2d 249 (2d Cir. 1962). Judge Friendly, speaking for the majority, says:

". . . Garguilo argues that it is error for the judge to give any instruction unless requested by the defendant to do so, since there is a risk that, the failure to testify being thus spotlighted, the light will penetrate the curtain sought to be drawn over it.

"There may be enough in this so that, as Judge Learned Hand said for this Court many years ago, 'It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it. . . .' But we agree also with the rest of Judge Hand's statement: 'but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity.' . . . It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best. And 'despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify ° ° ° a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause "shall not create any presumption against him." ' . . .'" (p. 252.)

A constitutional challenge to such an instruction was raised in *Aiuppa v. United States,* 393 F.2d 597 (10th Cir. 1968). Chief Judge Murrah discussed the issue as follows:

"It is argued that the language of the instruction amounts to a prejudicial comment on the failure of a defendant to take the stand, prohibited in *Griffin v. State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. But, we cannot agree. We know, of course, that such an instruction must be given if requested. . . . While it may be the better practice not to charge on this subject unless specifically requested by a non-testifying defendant, it is not reversible error to do so. . . . When couched in such careful terms as used here, we do not think the charge can be said to be more than 'a faithful compliance with the "implied direction" given district judges by Congress to fulfill "their traditional duty in guiding the jury by indicating the considerations relevant to the latter's verdict on the facts." '. . ." (pp. 602-603.)

Another informative and persuasive discussion of the issue appears in *State v. Rollins,* 3 Ohio Op. 3d 392, 49 Ohio App. 2d 330, 361 N.E.2d 555 (1976), where the court said:

"The inherent power of the trial court and its statutory duty to instruct the jury fully and correctly on all the applicable law is not subject to the whims or strategic desires of any party. While instructions must always be precise and correct, we know of no decision that grants to any party the right to prevent full and adequate instructions on all the applicable law. Such a right, if granted, would undermine the jury system and the function of the trial judge. As we shall discuss later, such a

right to a party, if granted, would constitute an abdication of judicial authority.

"The problem that arises when one accused at trial fails to testify is always before the jury. . . . It is . . . a matter of common, public knowledge in this country that the accused has a constitutional right not to do so. We do not share the belief that jurors are ignorant or stupid. Any defendant who chooses not to testify accepts a calculated, strategic risk that his failure will leave an impression upon the jury even though his open failure is otherwise sealed in a vacuum of no comment by counsel and no instructions by the court. Failure to testify is a demonstrated act before the jury. In no way can it be compared to a particular fact that would not come to the jury's attention unless someone mentioned it. If we would agree that the jury must operate in a vacuum of instructions of law, jurors would be legally free to resolve every question of credibility against a defendant who did not speak up. And in the absence of any instruction or reminder of constitutional rights, jurors could point to the court as responsible for any irresponsibility they may adopt in this regard.

"The tradition of justice in this country through a fair and impartial jury is based upon a complete submission by the trial judge of all applicable law and an honest consideration by the jury of the facts. Law and facts submitted to a jury present difficult problems and require fine judgment. In this delicate balance it is incomprehensible that any party be permitted to control the law or to require the court to withhold the law from the jury so as to force the jury to resolve a case in a vacuum.

. . . . . . . . . . . . . .

". . . [T]o the point is *State v. Nelson,* 36 Ohio State 2d 79, 65 O.O.2d 222 (1973), in which the Supreme Court of Ohio held, in the syllabus:

" '2. There is no provision in the Constitution of Ohio or in the Ohio Revised Code which entitles a defendant in a criminal case to have the jury instructed that his failure to testify must not be considered for any purpose.

" '3. In a criminal case, it is discretionary with the trial court whether to charge on the defendant's right to elect not to testify.'

"The opinion states that the court is 'not so constrained to abdicate to the accused or his counsel the decision on the question of the content of the trial court's charge on the issue presented here. ° ° ° *Those decisions should be left to the sound discretion of the trial court.'* Page 84 (Emphasis ours.)

"Abdication of judicial authority is an accurate description for any situation where a party or his counsel is permitted to prevent the jury from receiving correct law that is applicable to a given case. There is no merit to the first assignment." (pp. 393-394.)

We have not overlooked the eloquent summary of appellant's position as stated by Judge Lowe in his dissenting opinion in *Pearson v. State,* 28 Md. App. 196, 203-205, 343 A.2d 916, 920-922 (1975), cited in appellant's brief. Basically, the argument is that because a defendant has the right to choose whether to remain silent or not, he should have the correlative and tactical right to decide whether the court should or should not give the instruction. But even Judge Lowe agrees that the instruction is a

correct statement of the law, and that it is not error to give it at the defendant's request or, absent either a request or an objection, *sua sponte.*

The instruction does not violate either the plain language of the Fifth Amendment or the rule laid down in *Griffin.* The proscribed conduct—inferring guilt because of the accused's silence—is the precise wrong which the instruction seeks to prevent. We hold that the giving of the instruction, even over objection, is not constitutional error.

We next turn to our statute, K.S.A. 60-439, which reads as follows:

"If a privilege is exercised not to testify . . . the judge and counsel may not comment thereon, no presumption shall arise with respect to the exercise of the privilege, and the trier of fact may not draw any adverse inference therefrom. In those jury cases wherein the right to exercise a privilege, as herein provided, may be misunderstood and unfavorable inferences drawn by the trier of the fact, or may be impaired in the particular case, the court, at the request of the party exercising the privilege, may instruct the jury in support of such privilege."

Clearly, the statute seeks to protect the defendant's privilege not to testify, and to prevent any adverse presumptions or inferences from arising because of the exercise of the privilege. The instruction seeks this same goal.

Is the instruction a "comment" on defendant's failure to testify, and thus violative of the statute? The advisory committee note to this statute reads:

"A recognized privilege not to introduce evidence should not be impaired by giving the judge or counsel any right to comment on the exercise of the privilege *to the prejudice of the one exercising the privilege."* (Emphasis added.) 4 Vernon's Kansas C.C.P. 346.

Judge Gard, in his Kansas Code of Civil Procedure, has this comment:

"The provision giving the judge the right in jury cases to explain to the jury the nature of the privilege and the right to claim it so as to avoid improper speculation on the part of the jury is necessary. The rule permits it to be done only upon request of a party who exercises the privilege as he is the only one who could be hurt by it. He should have the right to determine whether an explanation by the judge would be harmful or beneficial to him." (p. 428.)

The PIK Committee, in PIK Crim. 52.13, notes that the instruction "should not be given unless there is a specific request by the defendant."

The instruction given is not a prejudicial reference to defend-

ant's failure to testify, such as is targeted by the statute. It is not a comment upon defendant's silence tending to impair the privilege. It is a directive to the jury to ignore and not consider defendant's failure to testify in arriving at its verdict. The trial court is required by K.S.A. 22-3414 to instruct the jury, and it is the duty of the court to state clearly the principles of law applicable to the issues raised by the evidence in the case. The instruction given was applicable, germane, and accurate.

We hold that the instruction is not a "comment" proscribed by K.S.A. 60-439, but even so it is preferable that trial courts not give the instruction where there is but one defendant on trial and that defendant objects. Under the facts of this case we hold that the giving of the instruction was not prejudicial and is not reversible error.

The judgment is affirmed.