[Cite as *Henegar v. Ohio Dept. of Transp.*, 2011-Ohio-2735.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRIS HENEGAR

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-10092-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}  Plaintiff, Chris Henegar, filed this action against defendant, Department of Transportation (ODOT), contending his 2006 Toyota Corolla was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 275 in Hamilton County.  In his complaint, plaintiff provided a narrative description of his damage incident noting, "[u]pon entering 275 from 5 mile, approximately 200 feet from 275, I came in contact with a very large deformation such as a speed bump," which resulted in body damage to the 2006 Toyota.  Plaintiff provided a photograph depicting the particular roadway defect he characterized as a "speed bump."  The defect depicted is actually a highway blowup spanning the entire roadway lane surface.  Plaintiff recalled his damage incident occurred on July 6, 2010 at approximately 9:00 p.m.  Plaintiff requested damages in the amount of $782.15, the total cost of replacement parts and related automotive repair expense.  The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular highway blowup prior to plaintiff's July 6,

2010 described occurrence. Defendant located the particular defect "at state milepost 68.76 or county milepost 37.28 on I-275 in Hamilton County" and advised that ODOT "records indicate no calls or complaints were received regarding the blowup in question prior to Plaintiff Henegar's incident." Defendant related no prior reports of a highway blowup at milepost 68.76 on Interstate 275 were received despite the fact "[t]his section of roadway has an average daily traffic count in excess of 59,010 vehicles." Defendant asserted plaintiff did not provide any evidence to establish the length of time the blowup at milepost 68.76 existed prior to 9:00 p.m. on July 6, 2010 and suggested "that the blowup existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant argued the standard to prevail in highway blowup claims is proof of notice of the defective condition.

{¶ 3} Defendant contended plaintiff has not shown his property damage was attributable to conduct on the part of ODOT personnel. Defendant stated "that I-275 was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant further stated "[a] review of the six-month maintenance history (copy submitted) for the area in question reveals that one partial depth repair (at milepost 68.80) was conducted on the day of plaintiff's incident." Defendant argued plaintiff did not offer evidence to prove his damage was caused by negligent roadway maintenance.

{¶ 4} Plaintiff filed a response pointing out the highway blowup was promptly repaired by ODOT after his incident. According to plaintiff, the fact that the blowup was repaired in a prompt manner establishes "that the defendant had knowledge of this liability in some form or another." Plaintiff argued that defendant "should be held responsible for any incidents or damage caused due to their roadways."

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.    ODOT has the duty to maintain the roadways free from unreasonable risk of harm to the motoring public. *White v. ODOT* (1990), 56 Ohio St. 3d 39, 564 N.E. 2d 462. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} Generally, in order to prove a breach of a duty to maintain highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence in the instant claim to prove ODOT had either actual or constructive notice of the defect that damaged plaintiff's car.

{¶ 7} However, for plaintiff to prevail in a claim involving damage from a highway blowup, general notice of the condition by ODOT is sufficient. *Knickel v. ODOT* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 392, 361 N.E. 2d 555. In *Knickel*, the 10th District Court of Appeals stated "there is a general foreseeability that blow-ups will occur and that someone will be injured as the result (and) although there is no way to predict where, when, or with what magnitude a blow-up will occur, they can be prevented" at 339. Consequently, ODOT is liable to plaintiff in the instant claim under the general notice rationale advanced in *Knickel*. Plaintiff has suffered damages in the amount of $782.15. The $25.00 filing fee may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

CHRIS HENEGAR

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-10092-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $807.15, which includes the filing fee. Court costs are assessed against defendant.

                                DANIEL R. BORCHERT
                                Deputy Clerk

Entry cc:

Chris Henegar                  Jerry Wray, Director
1054 Clough Pike            Department of Transportation
Cincinnati, Ohio 45245      1980 West Broad Street
                                 Columbus, Ohio 43223

RDK/laa
2/16
Filed 3/9/11
Sent to S.C. reporter 5/27/11